MARY A. OSTHEIMER

*v.*

GUSTAV SINGLE et ux.

[Submitted October 23d, 1907. Decided November 9th, 1907.]

1. Under the statute of frauds, requiring an express trust in land to be manifested by some writing signed by the parties to be charged, parol evidence as to an agreement for the purchase of certain lands is insufficient to establish an express trust in relation thereto.

2. When a person purchases land with his own money and takes title in his own name, a trust cannot be raised in favor of another by a parol agreement of the purchaser that he would make the purchase for the benefit of another and permit the other to thereafter make payment, since when the alleged beneficiary sets up a resulting trust in himself, the conveyance being to another, he must show that the land was bought with his own money and not merely for his benefit, and a subsequent payment of the money will not by relation attach a resulting trust to the original purchase.

3. Where a purchaser borrowed money to purchase land, agreeing that defendant might thereafter pay for one-third thereof and take title to that portion, the transaction was not a loan of one-third of the money to defendant, but the purchaser bought the land with his own money.

4. O., W. and S. agreed orally to buy a tract of land in partnership. O. mortgaged his own property and with the proceeds bought the land, taking title in his own name, but agreeing orally to hold two undivided thirds for W. and S., and to convey to them on payment of their shares. Later O. executed a written agreement, in the form of an ordinary contract of sale, to convey to W. and S. each one-third of the land, free of encumbrance, on payment of their respective shares of the purchase price. The wife of O. did not join in this agreement, nor in the deed subsequently made to S. in obedience to a decree for specific performance obtained by S. against O.—*Held*, that the facts did not raise a constructive trust *ex maleficio* in O. for the benefit of S., so as to prevent O.'s widow from claiming dower in S.'s one-third.

5. The existence of the written agreement of sale made by O. to S., which S. enforced as an agreement of sale to the extent of procuring a decree for its specific enforcement, was also inconsistent with the existence of any trust.

6. Where complainant's husband bought land and later conveyed a one-third interest in the same to defendant, complainant not joining in the conveyance, she does not lose her dower right therein, though sole devisee of her husband, by failure to file a dissent under the Dower act,

section 16 (*Gen. Stat. p. 1278*), the section providing that the widow's dower is barred by a failure to file the dissent only as to lands devised by her husband's will.

7. O. agreed, in writing, to convey land to S. free of encumbrance. O.'s wife did not join in the agreement, nor in the deed subsequently made to S. by O. in obedience to a decree of specific performance. After the death of O. his widow sued for her dower in the lands conveyed to S., who claimed that, since the deed to him from O. was not free of the encumbrance of her dower, he had a claim against the estate of O. and his widow as sole devisee for the amount of the encumbrance which he was entitled to set off against the widow's claim of dower.—*Held*, that the set-off could not be allowed, since that would necessitate an adjudication that the estate of O. was liable, which could only be made at law after a claim filed, and none had been filed, and would also necessitate an adjudication that O.'s widow had received assets to the amount of the claim which could not be determined till the administration was closed.

8. There is no liability of a widow as sole devisee of her husband for a claim against his estate based on the failure of the husband to comply with a decree of specific performance of a contract to convey an interest in certain land, unless she receives assets to the amount of the claim.

On bill for dower.

Herman Ostheimer (the husband of complainant), George Walker and defendant Gustav Single were intimate friends; Ostheimer and Single were connected by marriage and Walker was a member of the family of Single. They determined to purchase a tract of land "in partnership," each to own an undivided one-third interest. Neither having ready money Ostheimer borrowed the necessary money by executing a mortgage on other property then owned by him, and with his money (except as to $10 prior to that time paid by Walker to bind the bargain) paid for the land and took title in his own name, stating to his associates that he would hold the title for them as to the undivided two-thirds of the land purchased and convey to them one-third when they should thereafter pay their respective shares of the purchase price. Walker was instrumental in procuring the loan for Ostheimer; but does not appear to have made himself liable for its repayment. No written agreement or memorandum was executed by the parties. Some weeks after title was taken by Ostheimer he executed an instrument, in the ordinary form of an agreement for the sale

of land, wherein he agreed to convey to Walker and Single each one-third of the land so held by him free from encumbrance upon the payment by either of them of one-third of the purchase price. In this agreement complainant—wife of Ostheimer—did not join. Walker subsequently paid to Ostheimer his one-third of the purchase-money and a deed was made by Ostheimer and his wife to Walker for an undivided one-third of the land. Defendant Single subsequently paid to Ostheimer his one-third of the purchase-money, but for some reason Ostheimer refused to convey as agreed, and a bill for specific performance was filed by Single, based on the agreement of sale above referred to, and a decree procured wherein Ostheimer was directed to convey to Single an undivided one-third of the land free from encumbrance. This deed was made by Ostheimer pursuant to the decree, except that the wife of Ostheimer (complainant) did not join in the deed, and to that extent the conveyance was not free from encumbrance. Subsequently a partition of the land was had in this court, and the one-third shares of Ostheimer, Walker and Single, respectively, were set off in severalty. Ostheimer is now deceased, and the present bill is filed by his widow to recover her dower in the one-third which was in the partition suit set off to defendant Single.

*Mr. Adam R. Sloan,* for the complainant.

*Mr. Charles S. King,* for the defendants.

LEAMING, V. C.

It is urged on behalf of defendant Single that the title of Herman Ostheimer was a trust title as to the one-third share now held by defendant, and that in consequence no dower right in that share has been acquired by complainant. I am entirely satisfied that it was the original intention of the three parties named (Herman Ostheimer, George Walker and defendant) that the land should be regarded as owned by them as tenants in common. Had they taken the precaution to properly reduce their trust agreement to writing no difficulty would now be encountered in giving effect to the intention of the parties to the

transaction. But the statute of frauds requires that an express trust in land must be manifested and proved by some writing, signed by the party to be charged. The effect of this statute is to render the evidence offered insufficient to establish an express trust in favor of defendant.

It is also manifest that a resulting trust will not arise from the circumstances proven. When a person purchases land with his own money, and takes title in his own name, a trust cannot be raised in favor of another by reason of the existence of a parol agreement upon the part of the purchaser that he would make the purchase for the benefit of another and permit the other to thereafter make payment. One who sets up a resulting trust in himself, the conveyance being to another, must show that the land was bought with his money, and not merely that the purchase was made for his benefit or on his account. A subsequent payment of the money will not by relation attach a resulting trust to the original purchase, for a resulting trust arises from the fact that the money of the real and not the nominal owner formed the consideration of the purchase at the time and became converted into land. *3 Reed St. Frauds* §§ *911, 922; 3 Pom. Eq. Jur.* § *1037; Howell* v. *Howell, 15 N. J. Eq. (2 McCart.) 75; Cutler* v. *Tuttle, 19 N. J. Eq. (4 C. E. Gr.) 549, 562; Tunnard* v. *Lettell, 23 N. J. Eq. (8 C. E. Gr.) 264, 267; Krauth* v. *Thiele, 45 N. J. Eq. (18 Stew.) 407, 409; Whitley* v. *Ogle, 47 N. J. Eq. (2 Dick.) 67, 69; Botsford* v. *Burr, 2 Johns. Ch. 405, 409; Bailey* v. *Hemenway, 147 Mass. 326.* In view of these well-settled principles it is manifest that no trust resulted in favor of defendant unless a portion of the money which was by Ostheimer paid for the land may be regarded as having been defendant's money. I am unable to so regard the facts. The money which was paid for the land at the time of the execution of the deed to Ostheimer was Ostheimer's money. It was money raised by the execution of a mortgage by him on land of his own. While it appears that his purpose in borrowing this money was to enable him to purchase the land in question for the benefit of defendant as to the undivided one-third of it in order that defendant could thereafter pay the one-third and take title to that portion, yet it is clear that the transaction

cannot properly be considered or treated as a loan of one-third of the money to defendant. Had defendant failed to subsequently pay Ostheimer one-third of the purchase price of the land, it is clear that the latter could not have maintained an action on contract for the money based on the transactions antecedent to the purchase.

It is also manifest that the facts proven do not raise a constructive trust *ex maleficio. 3 Pom. Eq. Jur.* § *1056.*

I also entertain the view that the existence of the written agreement wherein Ostheimer agreed to convey to defendant the one-third part of the property purchased operates to defeat any claim of a trust estate. This instrument has been enforced by defendant as an agreement of sale to the extent of the procurement of a decree for specific performance. Its terms are also inconsistent with the existence of any trust estate.

It is further urged on behalf of defendant that as complainant is sole devisee of the estate of Herman Ostheimer and has filed no dissent under section 16 of the Dower act (*Gen. Stat. p. 1278*) she cannot now claim a dower right in the premises in question. The section cited does not have the effect contended for. By the language of that section the widow's dower is barred only in other lands devised by her husband's will.

The further claim is made on behalf of defendant that inasmuch as the decree for specific performance, to the effect that Ostheimer should convey to defendant free from encumbrance, has not been complied with in that complainant did not join in the deed executed pursuant to that decree, a claim now exists in favor of defendant against the estate of Ostheimer to the extent of the value of the dower interest of complainant. This claim defendant asks to have set off against the present claim for dower by reason of the fact that complainant is sole devisee of the estate of Ostheimer. I doubt the right of this court to enforce such an offset, and especially so in the present condition of the record. To do so involves an affirmative adjudication that the estate of Ostheimer is liable on such a claim. That adjudication properly belongs to a law court after a claim shall have been filed with the executrix of the estate. I do not understand that such claim has been filed. It involves also an af-

firmative adjudication that complainant has, as devisee, received assets to the amount of the claim. That fact can only be finally ascertained at the conclusion of the administration of the estate. If the claim against the estate can be established and the assets of the estate are large enough to charge complainant as devisee with the amount of the debt, then defendant is entirely secure from loss. In case of failure of assets there is no liability upon the part of complainant as devisee.

I am obliged to advise the assignment of dower in favor of complainant.