JOHN THOMAS

*v.*

AMIEE E. THOMAS and JOSEPH THOMAS, an infant.

[Heard and determined November 14th, 1911.]

1. In a suit to establish title to real estate claimed under a sheriff's sale, where complainant paid the consideration for his own benefit, but took title in the name of his three sons, testimony as to conversations with one of the sons, since deceased, is not inadmissible, the suit being one *in rem* and not *in personam,* so that the representatives of the deceased son defending the suit do not appear in a representative capacity within the meaning of the statute.

2. Where one pays the consideration for a conveyance of land to a stranger, the presumption is that he supplied the money for his own benefit, and the law creates a resulting trust in his favor.

3. Where a father pays the consideration for a conveyance to his sons, parol evidence of circumstances preceding the transactions or contemporaneous therewith, or so nearly contemporaneous as to form a part of the *res gestæ,* is admissible to rebut the presumption of gift, settlement, or advancement so as to prove the existence of a resulting trust.

Final hearing on bill, answer, replication and proofs.

*Messrs. Bleakly & Stockwell,* for the complainant.

*Mr. Cyrus D. Marter,* for the defendants.

LEAMING, V. C.

My views in this case are entirely defined; the arguments which have been made, and the references to authorities during the progress of the case, have sufficiently refreshed my memory of adjudications in cases of this class, to enable me, I think, to correctly dispose of the matter at this time without taking it under advisement.

There is no doubt touching the facts of the case. Under the evidence which has been received the facts are clearly and indubitably established. The only possible ground of opposition that can be made to the decree sought is necessarily based upon the claim that some of the evidence which has been received is not competent by reason of our statutes.

The evidence which has been offered and received under my rulings establishes beyond all doubt the fact that Mr. Thomas, Sr., purchased the land in question for his own benefit at sheriff's sale, paying $21,400 for it with his own money. He took the title, however, in the name of his three sons, causing the sheriff to make a deed to them instead of to himself. By prior arrangements with his sons, he had procured from them their assent that he should do so, and their promise that at such time as he desired the property conveyed by them to him, they would execute the deeds. He accepted their assurance to that effect without any writing being executed, and trusted them with the legal title to the property, which, as already stated, he purchased for himself, and for his own use and benefit and paid for with his own funds. The evidence clearly discloses that no money was contributed by either of these sons, and that neither understood that the purchase was for their benefit, but that all three understood that the purchase was for the sole benefit of the father. The fact is that a reason existed, which Mr. Thomas, Sr., thought was a good reason, for putting the title in the names of his sons. He was

living separate from his wife at the time, under an agreement of separation, and was expecting at the time that he would soon have occasion to sell a portion of the property to an anticipated purchaser, and thought that by putting the title in the names of his sons, he would avoid any possibility of difficulty in getting his wife to sign the deed. Unfortunately, one of the sons has since died, leaving the legal title in his name, which legal title has descended to the son of that son, who is now a minor and a defendant in this suit. These facts, I say, are clearly established if the evidence which has been introduced is entitled to be considered. Under this testimony but one conclusion can result, and that is that the complainant is entitled to a decree establishing his title in this land. He is entitled to such decree as may be necessary to fully confirm his title, as he is undoubtedly the equitable owner, and is entitled to be restored to the status of a legal owner.

The objections to the admissibility of the testimony to which I have already referred, have been considered during the progress of the trial, and need not be here restated at any length.

The first objection is that the testimony of complainant touching conversations with his deceased son is incompetent because of the fact that there is before the court a defendant in a representative capacity. As stated, during the hearing, the case of *Cowdrey* v. *Cowdrey,* reported in *71 N. J. Eq. (1 Buch.) 353,* fully meets that objection. There is no defendant before this court in a representative capacity within the meaning of the statute. The present suit is essentially a suit *in rem,* a suit purely for the restoration of legal title, and seeks no relief *in personam.* If it were true, however, that the complainant should be excluded from testifying to conversations between himself and his deceased son, the evidence would yet be ample to establish the facts which I have stated to exist, because the two remaining sons who are still alive have both testified to substantially the same conversations to which the father testified and have fully established the fact, and no objection can arise, so far as their testimony is concerned, based on the ground of a suit against a defendant in a representative capacity.

The other objection on which defendant relies is that the effect of the decree sought is to establish a trust in the deceased defendant, and that the statute of frauds prohibits the establishment of a trust in lands by parol testimony.

An examination of the statute of frauds will disclose that it is not so broad as the statement which I have just made. The statute of frauds will not permit an express trust to be established by parol testimony, but, by its very terms, it excepts resulting trusts. The language of the statute is, as I recall it, that there is excepted from its operation trusts which arise from implications or construction of law. That may not be the language of the statute, but it is substantially the language. Such trusts are not within the statute, and the courts have uniformly held that parol testimony is competent to aid in their ascertainment. Therefore, if this case were a case in which Mr. Thomas, Sr., had caused a deed to be made to a stranger, the consideration having been supplied by Mr. Thomas, the presumption of law would be that the person who supplied the money had supplied it for his own benefit, and not for the benefit of the stranger, that the title follows the consideration, and in such a case the law creates and determines the existence of a resulting trust. That is what the statute refers to as a trust which results from implication or construction of the law, and is therefore one of the trusts which is excepted by the terms of statute. It follows in consequence that where money is supplied by one person to pay for property, the title to which is taken in the name of another, the law permits the person who supplies the money to testify that he supplied the money, and the trust results as a matter of law.

An additional element arises, however, when the conveyance, the consideration for which is paid for a father, is made to a son, daughter, wife or other near relative or dependent; the mere fact of supplying the consideration, in such a case, does not create a presumption of ownership in the person who supplies the consideration. On the contrary, the presumption is the reverse. The presumption in such a case is that the father supplies the consideration not for his own benefit but for the benefit of the relative; therefore, standing alone, the mere testimony on the part of the father or any other witness that the father supplied

the money will not be sufficient to create a resulting trust, but, on the contrary, such testimony will create a presumptive gift, settlement or advancement. That presumption, however, is a rebuttable presumption; if the presumption of gift, settlement or advancement can be dispelled or overcome by competent evidence, then the conveyance to the son stands exactly on the same plane as a conveyance to a stranger. So, the only real question here now is, whether or not the presumption of gift has been dispelled or overcome by competent evidence. The courts have uniformly held that this presumption of gift, advancement or settlement is not only rebuttable, but it may be rebutted by any circumstance precedent to the transaction, or contemporaneous with the transaction, or so nearly contemporaneous with the transaction as to form part of the *res gestæ*, but that it cannot be rebutted by circumstances, other than admission of the parties, subsequent thereto.

When conversations between the party who supplies the consideration, the father, and the party who receives the conveyance, the son, are sought to be introduced into evidence for the purpose of repelling the presumption of gift, the thought necessarily suggests itself that the effect of such testimony is to establish a trust. As such it would be incompetent, but it is competent to establish that it was not a gift, settlement or advancement. In other words, it is competent to repel or rebut the presumption of gift which the law has created, and it will be received for that purpose and for that purpose alone, and if, when received, it is adequate to fully dispel the presumption of settlement or advancement or gift, then the case stands exactly as it would stand in the case already suggested of a conveyance made to a stranger. In other words, the testimony in this case is competent for the purpose of establishing, and is ample in quality to establish, the fact that this conveyance was not by the father ordered made to these children as a gift, and the presumption of gift which arose from the relationship is dispelled by that evidence. That brings the case upon the same plane as a conveyance made to a stranger, by money supplied by the complainant, and in such case the law creates or presumes the trust.

30

It follows that in this case, under the circumstances named, there is no course that can be properly adopted but to reach the conclusion, and make that conclusion effective through whatever decree is found necessary to answer the needs of the complainant, that this legal title, now in the name of the heirs of John Thomas, Jr., is held under a trust to reconvey, upon request, to John Thomas, Sr., and that the entire equitable title to the property is in John Thomas, Sr., and that he is entitled to have the legal title fully restored to him. I will advise a decree of that nature.