HENRY PRISCO, appellant,

*v.*

THOMAS PRISCO et al., respondents.

[Decided February 6th, 1919.]

On appeal from a decree in the court of chancery advised by Vice-Chancellor Leaming, who filed the following opinion:

"One of the deeds of conveyance which is challenged in this case was made by Palmyra Ice and Coal Company to complainant January 20th, 1913, and recorded February 19th, 1913; the other, also challenged, was made by William L. F. Gsand to complainant July 16th, 1913, and recorded July 19th, 1913. Both deeds express money considerations and declarations to the use of the grantee. It is, however, conceded that the consideration of these deeds was paid by the father of the complainant and that the complainant was at that time only sixteen years of age.

"The payment of the purchase by a person other than the grantee named in the deed of conveyance may, in some circumstances, be sufficient to overcome and destroy the regular and formal written title which declares the conveyance to be for the use and benefit of the grantee, and to thus raise a resulting trust in favor of the person so paying the purchase price (see *Whilley* v. *Ogle, 47 N. J. Eq. 67; Midmer* v. *Midmer's Executor, 26 N. J. Eq. 299*); but where the conveyance is made by a father to his son, or where the consideration is paid by the father and the conveyance made by a third party to the son, there arises a presumption of gift which must also be overcome by evidence before it can be determined that the written instrument shall not be effective according to its terms. And to overcome such presumption of gift from a father to his son, the evidence relied on must be convincing and leave no reasonable doubt. This rule is de-

fined by our court of errors and appeals in *Reed* v. *Huff*, *40 N. J. Eq. 229*, as follows:

" "The proofs which shall raise a resulting trust, or rebut the presumption of a gift or settlement in the case of a child or wife, must be of facts antecedent to or contemporaneous with the purchase, or else immediately afterwards, so as to be in fact part of the same transaction; a resulting trust cannot be raised from matters arising *ex post facto*. *1 Lead. Cas. Eq. 233; Cutler* v. *Tuttle, 4 C. E. Gr. 549*. It is also well settled that the proofs which shall rebut the presumption of a gift in favor of a child or wife shall be equally satisfactory and explicit with the proofs required to establish a resulting trust; the circumstances relied on must be convincing and leave no reasonable doubt as to the intention of the party. *Peer* v. *Peer, supra.*'

"This rule is again stated by our court of errors and appeals in *McGee* v. *McGee, 81 N. J. Eq. 190*, as follows:

" "The rule in this state is well settled that where a husband procures real estate to be conveyed to his wife, he paying the consideration, a presumption arises that he intends to settle the property on her, and while such presumption may be rebutted, the proof offered to accomplish it must be certain, definite, reliable and convincing, leaving no reasonable doubt of the intention of the parties.'

"Accordingly, the primary inquiry in this suit is whether the proofs which have been offered to establish as a fact that the conveyances here, in question were not gifts to the son are adequate to establish that fact with that degree of certainty which the law requires.

"A detailed review of the evidence seems unnecessary. It is quite possible that the father of complainant may have had in mind at the time the conveyances were made that he could reclaim the titles in the event that his son's future conduct was not satisfactory; but in view of the good conduct of his son up to that time it is more probable that no substantial doubt touching his future conduct was then entertained by the father, and that no thought of the possible necessity of recalling the conveyances entered his mind at that time. The testimony touching what was said to the son about his future good conduct,

especially in view of the testimony to the contrary, when considered in connection with all the circumstances of the case, fails to convince me that a gift was not intended.. The claim made by counsel that the consideration paid was one which the son was to earn by future good conduct is but a restatement of the claim that the conveyances were not gifts. I am convinced that the presumption of gifts has not been overcome by the evidence with that degree of certainty which is required in such circumstances. As stated by our court of errors and appeals, the declaration to the use of the son, as contained in the deeds, and the accompanying presumption of gifts to the son, should only be overcome by proofs certain, definite, reliable and convincing, and leaving no reasonable doubt as to the intention of the parties.

"The marriage of the son shortly before he reached his majority obviously was the act which occasioned the parents' dissatisfaction and led to the attempted repudiation of the gifts; but for that act it may well be doubted whether any controversy would have arisen.

"This view is equally applicable to the improvements subsequently made on the land by the father. The improvements will be presumed to be gifts to the son unless that presumption is sufficiently overcome by the proofs. *Selover* v. *Selover, 62 N. J. Eq. 761, 763.* The notion that the residence was personalty and was designed to be removed by the father for his own use is clearly untenable. It was no part of the intention of anyone to ever have the building removed from the lot on which it stood except upon the possible contingency of a defective title to the lot. As between the father and son the building was clearly intended as a permanent improvement to the lot.

"I am satisfied that complainant is entitled to an injunction restraining the removal of the house from the lot on which it stands.

"But I do not think that complainant is equitably entitled to an accounting for the net income of the property prior to the time he permanently left his parents' home. Prior to that time he resided at his parents' home at their expense and they received his wages, except as to small allowances to him for spend-

ing money. Soon after his marriage he left his parents' home with their consent; until then he was unemancipated. It, accordingly, seems inequitable to charge the parents with the net income of the property during the period that they assumed the burden of their son's support. During that period they were entitled to their son's wages and owed him support and other parental duties. Although the property belonged to the son, its care and management appropriately fell to his father, and the existing circumstances seem to negative the idea that its meagre net revenue should be set apart for the son's separate use. But after the son left his parents' home with their consent the net income of the property appropriately came to him. Unless counsel can agree upon the net revenues since that date I will advise a reference for an accounting."

*Mr. Joseph Beck Tyler,* for the appellant.

*Mr. Herbert A. Drake,* for the respondents.

PER CURIAM.

The decree appealed from will be affirmed, for the reasons filed in the court below by Vice-Chancellor Leaming.

*For affirmance*—THE CHIEF-JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, GARDNER—12.

*For reversal*—None.