MARY E. RINGOLD

*v.*

GEORGE W. RINGOLD.

[Submitted January 13th, 1922.  Decided January 21st, 1922.]

1. Where land was purchased and title taken jointly by a husband and wife. on partition after divorce, the husband is not entitled to contribution for payments made, as payments by the husband on purchase of land in his wife's name, in the absence of proof of a contrary intent, are presumed to be gifts.

2. Such presumption may be rebutted by proof that they were made with the intention or agreement that they should not be gifts.

On bill, &c.

*Messrs. Durand, Ivins & Carton,* for the complainant.

*Mr. William L. Edwards,* for the defendant.

FOSTER, V. C.

In 1911 certain lands in Asbury Park were conveyed to the parties in this cause, who were then husband and wife, as tenants by the entirety. In January, 1920, complainant obtained a final decree of divorce in this court from defendant; she then filed her bill in this cause for the partition of the property mentioned; defendant in his answer set up that he had made certain payments on the property for which he should be allowed; thereupon reference was made to Walter Taylor, Esq., as special master, to ascertain the nature and amount of these payments and to report what allowance, if any, should be made therefor. The master has filed his report and defendant has filed exceptions to that part of the report wherein the master refused to allow defendant credit for all moneys paid by him during coverture for taxes and insurance premiums and for monthly dues to the building and loan association in reduction of the amount of two mortgages held by the association upon the premises in question.

Because the title to the property was in the parties as tenants by the entirety, the bonds and mortgages to the building and loan association were executed by them jointly, and the shares of stock in the association on which the loans were based were in their joint names. By the terms of the loan the parties were required to pay $57 monthly as dues in reduction of the amount of the loans until the mortgages were paid in full under the rules of the association.

Defendant is a Pullman porter, and until they separated his wife kept their home and rented some of the rooms therein to lodgers. From the income thus received she paid part of the household expenses, and also paid some of the taxes, insurance premiums and building and loan association monthly dues. De-

fendant to a much larger extent contributed to these expenses, and particularly to the payment of the monthly dues, and these payments made by him amount to about $3,000.

Defendant's contention is that the payments made by him during coverture for dues, &c., in reduction of the mortgage debts, were paid on their joint and several obligations, and that, as they were both under the common burden and liability to pay these dues, he is entitled to contribution from complainant of all moneys necessarily paid by him on her behalf.

This doctrine of contribution does not apply, however, as between husband and wife, in a situation like the present one, as it is well settled that the expenditure by a husband of his own moneys in the purchase of lands in the name of his wife, or in the improvement of her property, is presumed to be a gift to her, in the absence of proof of a contrary intent. *Peer* v. *Peer, 11 N. J. Eq. 432; Persons* v. *Persons, 25 N. J. Eq. 250; Black* v. *Black, 30 N. J. Eq. 215; Lister* v. *Lister, 35 N. J. Eq. 49; affirmed, 37 N. J. Eq. 331; Read* v. *Huff, 40 N. J. Eq. 229; Selover* v. *Selover, 62 N. J. Eq. 761; McGee* v. *McGee, 81 N. J. Eq. 190; Prisco* v. *Prisco, 110 Atl. Rep. 111.*

The reasons supporting the presumption of a gift, as indicating an intention to make an advancement or settlement upon a wife, apply whether the gift be made in one sum, or if, as here, the gift be made in monthly installments, in the form of monthly dues, paid by defendant, in reduction of the mortgage debt upon the property in their joint names, as these installment payments were in fact and effect payments on the purchase price of the property.

In fact, in the present situation, these reasons apply with greater force, for, by the nature of their estate in the property, the defendant in making such payments was not only making advancements or settlements upon his wife, he was also reducing his own liability upon the bonds and mortgages and was thereby completing the payment of the purchase price of the property, and he would, if he survived her, obtain the exclusive benefits of the payments thus made. And it is not unreasonable to assume that he had this possibility in mind when he made these payments.

The presumption that these payments were intended as gifts may of course be rebutted by proof that they were made with the intention and understanding or agreement that they should not be presumed or considered as gifts.

The nature and extent of the proof required to "rebut the presumption of a gift or settlement to a child or wife must be of facts antecedent to, or cotemporaneous with, the purchase, or else immediately afterwards, so as to be in fact part of the same transaction" (*Read* v. *Huff, supra*), and this proof "must be certain, definite, reliable and convincing, leaving no reasonable doubt of the intention of the parties." *McGee* v. *McGee, supra*. There is no such proof in this case relating to the time when any or all of the dues in question were paid, nor to any other time, and I will advise that the exceptions be overruled.