The complainant and his wife, Louisa, came to Rosenhayn, New Jersey, in 1898, and a tract of land was purchased of one Purvis, through Mr. Bacon, for the sum of $500. The title was taken in the wife's name. They remained on the Rosenhayn farm from 1898 until 1914, when they moved to Vineland. Two deeds were offered in evidence, made by John P. Gaze et ux. to Louisa Wegmann, each conveying a tract of land fifty feet in front by one hundred and ninety feet in depth in Vineland. One deed recites a consideration of one dollar and other valuable consideration, the other the sum of $400.
The property at Rosenhayn was sold and the proceeds used on account of the cost of the erection of a dwelling upon the Vineland property.
The negotiations for the Vineland property were made by Louisa Wegmann.
Later, Mrs. Wegmann entered into an agreement for the purchase of a property in Ocean City, she making a small payment thereon, he later securing $200 on his personal note, and $2,300 being raised by a mortgage on the Vineland property. The title to the Ocean City property was also taken in her name.
Mrs. Wegmann died in 1923 testate. In her will she appointed Walter H. Bacon as executor. He has qualified.
By this will $1,000 was bequeathed to the complainant, and the balance of her estate ordered to be invested and held for the purposes specified.
The Ocean City property has been sold by the executor, and the Vineland property sold under foreclosure proceedings.
The complainant prays that a decree be made by this court adjudging complainant to be the legal, as well as the equitable owner of the lands described.
The lands having been sold, and the money received therefor remaining in the hands of the executor, the complainant now asks for an order directing the executor to pay the same to him. *Page 195 
The complainant claims to have paid the consideration for the original lot at Rosenhayn, that his wages were also used in the payment of the consideration of the other properties. It is apparent that the wife paid a considerable amount of the purchase price of the several properties from funds, which she from time to time received from the estate of a former husband.
"It being a well-settled principle * * * that a resulting trust arises from the fact that the money of the real and not the nominal owner formed the consideration at the time and became converted into land." Ostheimer v. Single, 73 N.J. Eq. 539.
"And also that a resulting trust must arise at the instant the deed is taken, and the legal title is vested in the grantee, and the situation of the transaction when the title passed is to be looked to, and not the situation preceding or following that time [Krauth v. Thiele, 45 N.J. Eq. 407], and that where a husband procures real estate to be conveyed to his wife, he paying the consideration, a presumption arises that he intended to settle the property on her, and while such presumption may be rebutted, the proof offered to accomplish it must be certain, definite, reliable and convincing, leaving no reasonable doubt of the intention of the parties." McGee v. McGee, 81 N.J. Eq. 190.
The first question for consideration is: Has the complainant overcome the presumption that the fee was vested in the wife as a gift or settlement upon her? The complainant relies to a great extent upon the principles enumerated by Vice-Chancellor Backes in Yetman v. Hedgeman, 82 N.J. Eq. 221, a case quite similar in many respects to the case at bar.
I was quite convinced at the hearing, and that conviction has not been weakened by a careful study of the transcript of the testimony taken at the hearing, that the complainant has not overcome the presumption of a gift above referred to by proof equally satisfactory and explicit with the proof required to establish a resulting trust, and by circumstances "certain, definite, reliable and convincing, leaving no reasonable *Page 196 
doubt as to the intention of the parties." McGee v. McGee,supra, and cases therein recited.
I find that the legal presumption, that settlement on his wife was intended by the husband, which arises from the conveyance to her, has not been met by proof made by the complainant in this case. I will advise that the bill be dismissed.