This is an action for partition brought by a husband against his wife, in which the complainant seeks to charge against his wife's interest the expenditures made by him in improving the property in question.
In April, 1916, about a year after the marriage of the parties, the property in question, 146 Broadway, Paterson, New Jersey, was conveyed to complainant and defendant jointly, with the result that they became tenants by the entirety. The parties resided in the house on the premises until the spring of 1922, when complainant purchased a home on East Thirty-sixth street. In October, 1924, complainant left his home and never returned, and the wife obtained a final decree of divorce for desertion on the 6th day of September, 1927. The parties had been estranged for sometime prior to the desertion. *Page 538 
Soon after the parties left the Broadway house, a two-story building, for business purposes, was erected on the premises, and it is for the expense of erecting and maintaining these improvements that complainant now seeks to charge defendant on the partition which followed the divorce proceedings.
It is the ordinary rule that in the absence of a contrary intention, expenditures made by a husband on property in the name of his wife alone or by them together as tenants by the entirety are considered as gifts, and that the husband has no right to reimbursements therefor. O'Keefe v. O'Keefe, 96 N.J. Eq. 617;126 Atl. Rep. 451.
The court of errors and appeals states the general rule to be:
"When a husband puts real estate in his wife's name or builds on her land, equity presumes that it was by way of settlement or gift."
In Ringold v. Ringold, 93 N.J. Eq. 357; 116 Atl. Rep. 690,
the court applied this rule to a tenancy by the entirety. The court says:
"It is well settled that the expenditure by a husband of his own moneys in the purchase of land in the name of his wife or in the improvement of her property, is presumed to be a gift to her, in the absence of proof of a contrary intention.
"The reasons supporting the presumption of a gift, as indicating an intention to make an advancement or settlement upon a wife, apply whether the gift be made in one sum, or if, as here, the gift be made in monthly installments, in the form of monthly dues, paid by defendant, in reduction of the mortgage debt upon the property in their joint names, as these installment payments were in fact and effect payments on the purchase price of the property.
"In fact in the present situation these reasons apply with greater force, for by the nature of their estate in the property the defendant in making such payments was not only making advancements or settlements upon his wife; he was also reducing his own liability upon the bonds and mortgages, and was thereby completing the payment of the purchase *Page 539 
price of the property, and he would, if he survived her, obtain the exclusive benefits of the payments thus made. And it is not unreasonable to assume that he had this possibility in mind when he made these payments."
Complainant contends that he and his wife agreed that the erection of the building on the premises was to be a joint enterprise between them and that he was to be entitled to reimbursement for any sums advanced by him. If a husband proves such an agreement the presumption of gift is rebutted and the wife is chargeable with the advances made by the husband.
I do not consider that the husband has presented convincing proof of the existence of the agreement claimed by him. No written contract was entered into between the parties. The only direct evidence of the existence of the agreement is the testimony of the complainant himself, who states that it was referred to by him in talks with his wife "hundreds of times." The complainant has not produced any witness who overheard any of these conversations. The wife denies any such agreement. In an attempt to corroborate the existence of the agreement complainant has introduced evidence that the wife knew of the erection of the new building and acquiesced therein; and also that separate books were kept by complainant for the building in which were set forth the receipts and expenditures. In these accounts complainant charged himself with $100 a month for the use of an office for his professional practice. After he left his wife he used part of the premises for living quarters, for which, however, no charge was made against him on the books. The building was not financially successful and the complainant did not actually pay in $100 a month which was merely a book entry, which it seems probable was made chiefly, if not solely, for the purpose of charging the item as an expense for the purpose of his federal income tax. There were never any reports or any accounting made to the wife or any statements delivered to her as to the books that were kept.
It would seem that these facts are as consistent with her interest as tenant by the entirety as they are with the existence *Page 540 
of an agreement that the property was to be considered as a separate joint business venture.
The presumption of a gift of contributions made by either husband or wife to property owned by them as tenants in the entirety arises from the relationship of husband and wife.
In the case of McGee v. McGee, 81 N.J. Eq. 190 (at p.194), the court says:
"The rule in this state is well settled that where a husband procures real estate to be conveyed to his wife, he paying the consideration, a presumption arises that he intends to settle the property on her, and while such presumption may be rebutted, the proof offered to accomplish it must be certain, definite, reliable and convincing, leaving no reasonable doubt of the intention of the parties."
In Rosecrans v. Rosecrans, 99 N.J. Eq. 176, the court quoted and followed McGee v. McGee and applied it to a tenancy by the entirety.
I do not consider that the fact that complainant continued to make advances after the estrangement alters the situation. The relationship of husband and wife still existed and in contemplation of law there is always the possibility of a reconciliation. There is no evidence that a new agreement was made after the inception of the improvements.
Complainant has not presented such clear and convincing proof of an agreement as would take the present matter out of the general rule.
The claims of complainant for reimbursement must accordingly be disallowed and a decree will be so advised. *Page 541