Complainant is the father of defendant and brings his suit to compel defendant to convey to him a house which he contends was held in trust for him under a promise to reconvey.
At the time title was taken by the defendant in October, 1935, the premises consisted only of vacant land on which the house was later erected. It is the contention of complainant that the lands were bought with his funds and that the house was constructed with his labor and mostly his funds, his daughter contributing very little towards the erection of the house.
Prior to the conveyance, the grantor, Vacationland, Inc., owed a certain small sum of money to complainant for labor as a well digger. This amount was uncollectible as the corporation was out of business. One Colville, now dead, an officer of the corporation, suggested that complainant take the *Page 581 
property in suit in payment of his debt. It developed that the corporation had been proclaimed dissolved and that there were tax liens on a tract which covered not only the premises in suit, but an adjoining tract. The evidence showed that it was not the complainant, but his daughter, who provided the funds to clear up the situation; that she had the corporation revived, paying the sum of $233 for the reinstatement of the corporation; that she also acquired the tax liens, borrowing the money therefor from a sister to whom she assigned the tax lien. It therefore appears that complainant did not contribute very much towards the purchase price of the lots. As to the cost of the house, it is conceded by defendant that complainant personally put considerable work into its erection, which extended over a period of more than a year, construction going on apparently as funds were available for the purchase of materials. Complainant testified that he purchased substantially all these materials and paid for the labor of erection not performed by him. Except as to some small items aggregating not more than $200 or $300 for labor, there was no corroboration of his testimony on that point. There were several bills for materials, such as lumber and fittings, which the daughter testified that she paid for, and the payments by her were corroborated by the testimony of the material men. The testimony showed that complainant, for the entire period involved, worked only at irregular intervals, and his earnings would have been insufficient for him to have made the payments claimed by him, after allowing anything for his living expenses. His testimony, in support of his assertions, is very unsatisfactory and wholly unconvincing.
The daughter denies that she took title to the property in trust for the father. She concedes that he used his claim against the corporation as a part payment on the land and that he did perform labor in the erection of the house. This credit and his services were, she said, a gift to her while she provided the great bulk of the cost.
Complainant contends that there was a resulting trust in his favor because it was his money and his labor which bought the land and constructed the house. *Page 582 
The present suit, however, differs from one in which a person who supplies the entire consideration takes title in the name of a stranger. In such case, the assumption is that the owner of the title holds the property in trust for the person who provided the purchase price. Where a parent provides the consideration, but has title taken in the name of a child, the presumption is the other way, and is to the effect that the transaction constituted a gift to the child. This presumption may be rebutted, but must be by clear and convincing evidence. This rule is laid down inThomas v. Thomas, 79 N.J. Eq. 461. The court says:
"An additional element arises, however, when the conveyance, the consideration for which is paid for a father, is made to a son, daughter, wife or other near relative or dependent; the mere fact of supplying the consideration, in such a case, does not create a presumption of ownership in the person who supplies the consideration. On the contrary, the presumption is the reverse. The presumption in such a case is that the father supplies the consideration not for his own benefit but for the benefit of the relative."
To the same effect is Prisco v. Prisco, 90 N.J. Eq. 289,
where the court says:
"* * * but where the conveyance is made by a father to his son, or where the consideration is paid by the father, and the conveyance made by a third party to the son, there arises a presumption of gift which must also be overcome by evidence before it can be determined that the written instrument shall not be effective according to its terms. And to overcome such presumption of gift from a father to his son, the evidence relied on must be convincing and leave no reasonable doubt."
The court says further:
"This view is equally applicable to the improvements subsequently made on the land by the father. The improvements will presume to be gifts unless that presumption is sufficiently overcome by the proofs."
2. "When the person to whom the conveyance is made, pays part of the purchase price, no trust results to anyone who advances the residue unless in the language of Mr. Justice *Page 583 
Hoar in McGowan v. McGowan, `the part of the purchase price paid by him in whose favor the resulting trust is sought to be enforced, is shown to have been paid for some specific part or distinct interest in the estate and for some aliquot part as it is sometimes expressed. He declares that a general contribution of a sum of money toward the entire purchase is not sufficient.'"
I find that complainant has failed to establish his case by the clear and convincing evidence required. A decree will be advised dismissing the bill.