Midmer v. Midmer's Executors.

MIDMER and others, appellants, and MIDMER'S EXECUTORS, respondents.

1. The bill in this case sought to establish a trust by virtue of an express agreement. The evidence was of a purely resulting trust, in an entirely different person, originating almost two years earlier than that stated in the bill. *Held*, that the variance between the allegata and probata was fatal to relief.

2. *Held*, that an application to amend the pleadings was properly refused below ; the evidence failing to convince the judgment of the court that the complainants were entitled to any relief.

The case in chancery is reported in 11 *C. E. Green* 300.

*Mr. Collins*, for appellants.

*Mr. T. N. McCarter*, for respondents.

The opinion of the court was delivered by
WOODHULL, J.

On the 12th day of July, 1873, the appellants filed their bill to enforce an alleged trust in certain land purchased by and conveyed to the respondents' testator, John H. Midmer, August 8th, 1853, and of which he died seized, September 17th, 1872. Their case, as disclosed by the bill, is that before the purchase of the land in question, the said testator, being the brother of the appellants, Henry Midmer and Eliza Anderson, and of William Midmer, had in his possession money which had been realized from the sale of property owned in common, in equal shares, by the said three brothers and sister, and that before the said purchase it was agreed by them, among themselves, that the said John should purchase said land with the said money ; should take the title thereto in his own name, and hold it as trustee for himself and his said brothers and sister in equal shares ; and that, in pursuance of said agreement, he did so purchase and pay for the

said land, taking the title in his own name, and holding the same up to the time of his death, as trustee for his said brothers and sister.

In support of the alleged trust, the appellants claim that they have established the following facts : That the consideration which passed for said land was certain stock in the Third Avenue Railroad Company ; that this stock was derived from the sale of a house and lot in the city of New York ; that the said house and lot were purchased by the said John H. Midmer, with money given him by his mother to purchase the same for her, and in her name ; and that the said John, without the knowledge and against the instructions of his mother, took and held the title to the said house and lot in his own name. It has been argued before us with much earnestness and ingenuity, that whether the money paid for the house and lot belongs to the mother, or to the estate of her deceased husband, is immaterial, as the four Midmer children were the only heirs-at-law and next of kin of each parent ; that at the death of the mother, in 1852, a trust resulted in favor of the four children in the house and lot, afterwards in the stock, and finally in the land in question.

It is further insisted that the case made by the appellants, on the evidence, substantially meets and satisfies the allegations of their bill. The bill proceeds upon the ground of a trust arising, not by mere operation of law, but by virtue of an express agreement between the parties. This trust, so far as the bill discloses, had its inception at the date of the purchase of the land in question by John H. Midmer. There is not the slightest intimation in the bill of any other trust in land. The very groundwork of the appellants' case, upon the evidence, is a purely resulting trust in the mother of the parties to the alleged agreement, originating almost two years earlier than that stated in the bill. It is manifest that, upon such a case, assuming it to be established, the appellants can have no relief upon the pleadings as they stand. Such was the conclusion of the Vice-Chancellor.

An application to amend, made at the hearing before him, was refused, because the evidence in the case failed to convince his judgment that the complainants were entitled to any relief. Under the circumstances, the amendment was properly refused. Upon the merits of the case, also, we are satisfied that the conclusion reached by the Vice-Chancellor is correct. The alleged trust upon which the appellants found their claim to relief is not, in our judgment, satisfactorily proved. The decree is affirmed, with costs.

Decree unanimously affirmed.