By this suit, complainant, as creditor of the insolvent estate of Herbert C. Wentworth, deceased, seeks to establish and enforce a resulting trust in favor of said estate to a *Page 248 
tract of land located in Midland township, Bergen county. The land in question was conveyed by Brooks Brothers Dyeing Company to one Daniel C. MacMullen, by deed dated May 14th, 1920. Thereafter, on October 7th, 1923, MacMullen died, leaving a will whereby he devised his entire estate to his widow, Clara MacMullen.
On March 21st, 1927, Herbert C. Wentworth departed this life, leaving a will by the provisions of which he devised his entire estate to his widow, Mary Wentworth, the defendant herein, and whom he appointed as his sole executrix. By deed dated April 23d 1927, the said Clara MacMullen conveyed the land in question to Mary Wentworth, the defendant herein, by deed regular in form and wherein the consideration was recited as "one dollar and other valuable consideration." On January 7th, 1930, a decree was made and entered in the Bergen county orphans court whereby the estate of Herbert C. Wentworth, deceased, was adjudged insolvent, and after which complainant, as creditor of said estate, brought this suit.
Complainant's claim to an adjudication that these lands are held in trust for the estate of Herbert C. Wentworth, deceased, must, of necessity, be founded upon the distinct ground that Daniel S. MacMullen held the land in question in trust for his debtor, Herbert C. Wentworth. Failing to establish such, he cannot possibly prevail as against the present defendant, who acquired the land in question in the manner heretofore stated.
It is neither averred, claimed nor proven by complainant that the trust which he seeks to have established and enforced is what is known as an express trust. Nor has fraud been averred in his bill nor established by any evidence produced by him, the presence of which is indispensable to the creation of a constructive trust. Hence, his claim to the existence of a trust must, of necessity, be limited to a resulting trust.
If the evidence does not clearly demonstrate that a resulting trust arose in favor of Herbert C. Wentworth at the time of the delivery of the deed from Brooks Brothers Dyeing Company to Daniel S. MacMullen, then no such trust can *Page 249 
now be declared. It has been repeatedly held by this court, and affirmed by the court of errors and appeals, that a resulting trust can only arise at the time of the execution of the deed and cannot be raised from or created by matters arising subsequent thereto. Cutler v. Tuttle, 19 N.J. Eq. 549; Tunnard v.Littell, 23 N.J. Eq. 264, and the long line of cases following.
It is a well settled principle of law that where land is purchased and paid for by one person and the conveyance is made to another, who is a stranger, a trust in said land will, by act and operation of law, be presumed to result in favor of him who has paid the consideration therefor. Butler v. Tuttle, supra.
But the facts in the case under consideration neither call for nor permit the application of this principle. Not a scintilla of evidence has been produced to show or even tend to show that Herbert C. Wentworth purchased or paid for the lands in question, which were conveyed from Brooks Brothers Dyeing Company to Daniel S. MacMullen.
True, complainant points to the testimony of his witness, Michael, in support of his claim to a resulting trust. But this witness merely testified to a statement alleged to have been made by Daniel S. MacMullen, during his lifetime, wherein he denied ownership of the land in question. It is almost needless to say that such a denial in neither tantamount to, nor can it, by the widest stretch of the imagination, be construed to be, an admission or declaration on the part of Daniel S. MacMullen that he held the land in question in trust for Herbert C. Wentworth. Nor is it amiss to point out that the authorities have uniformly held that evidence of such a character, its tendency and purpose being to subvert paper title to property, although admissible, is most dangerous and is entitled to very little credence. Midmer
v. Midmer's Executors, 26 N.J. Eq. 299; affirmed, 27 N.J. Eq. 548.
With all the more force and reason should this salutary principle of law be applied to a case, such as the one now before me, where the claim is asserted and the evidence in question produced for the first time, only after the lips of the alleged trustee have been sealed by death and the possibility *Page 250 
of even contradicting the alleged admission has been thereby eliminated.
Aside from this alleged admission, complainant has produced no other evidence, excepting as to the fact that Daniel S. MacMullen failed to pay the taxes assessed against the land in question, after its conveyance to him, and that said taxes were paid by Herbert C. Wentworth during his lifetime. But it is now well settled, both upon principle and by all of the authorities, that a subsequent payment of even the purchase-money, except where such is in pursuance of a legal obligation on the part of the payor, created prior to or contemporaneous with the conveyance, will not by relation attach a resulting trust to the original purchase. Ostheimer v. Single, 73 N.J. Eq. 539. And, as was aptly stated by Chancellor Magill in Krauth v. Thiele, 45 N.J. Eq. 407,409, 410: a resulting trust "must arise the instant the deed is taken and the legal title is vested in the grantee, and the situation of the transaction when the title passes is to be looked to, and not the situation preceding or following that time. Tunnard v. Littell, 8 C.E. Gr. 264; Midmer v. Midmer,11 C.E. Gr. 299; Read v. Huff, 13 Stew. Eq. 229; 1 PerryTrusts § 133." Hence, the payment of taxes assessed against the property by Wentworth, subsequent to its conveyance to MacMullen, standing alone, cannot possibly result in attaching a resulting trust to said conveyance.
The burden of proving the facts and circumstances relied upon to establish the trust claimed by complainant, by full, clear and satisfactory evidence, is cast upon him. Krauth v. Thiele,supra. Nothing short of the production of such caliber of evidence by complainant will justify this court to divest the defendant of her title to the lands in question as evidenced by the deed which she holds, and to place it in the insolvent estate. In this respect, complainant has utterly failed. From all of the evidence before me, I am constrained to the conclusion that the alleged trust upon which complainant's claim to relief is predicated has not been satisfactorily proven or established, and a decree dismissing the bill of complaint is accordingly advised. *Page 251