This is a suit to compel the brother of the complainant to return to her the sum of $700 alleged to have been entrusted to him by her for her benefit, and to impress a trust for that amount on a house built by defendant in which the $700 was invested.
Complainant testified that she gave the defendant the $700 in cash to hold for her under an agreement that he should purchase in his own name Postal Savings Certificates, would deliver the certificates to her as evidence that the money belonged to her, and would return it to her upon demand. She produced the certificates which she said had been in her possession ever since the purchase and testified that her brother refused to pay her the money or admit that she had any interest in the certificates.
It was shown at the hearing that the brother secured the return to him, from the post office, of the $700 as a lost certificate, he having filed a proof of claim in which it was falsely set forth that the certificates had been destroyed by fire. He denied that the money had been given him by his sister or that she had any interest in it. He testified that the certificates were never delivered to the sister but were kept by him at his house from which they disappeared, and further says that complainant must have secured possession of them improperly.
In my opinion complainant has not satisfactorily met the burden of proof which is upon her. No satisfactory explanation was given as to why she did not purchase the Postal Savings Certificates in her own name. She testified that for more than a year prior to the purchase of the certificates she had had in her possession the sum of $300 in cash which she carried in her purse. The balance to make up the $700 consisted of a sum received by her from her lawyer in settlement of a suit. Her testimony as to the $300 is considerably discredited by the fact that during almost the entire time she said she had this amount she was either on relief or on WPA, and was representing that she was destitute.
A trust must be established by clear and convincing evidence.Samson v. Wentworth, 108 N.J. Eq. 247.
 A decree will be advised dismissing the bill. *Page 248