## Mallory *et ux.* versus Griffey.

1. The owner of lands adjoining a highway may lawfully place building materials thereon for a temporary use, so long as the use thereof is not negligent nor unreasonable.
2. Negligence of a plaintiff, contributing to an injury complained of, is a matter of defence, and ordinarily the burthen of proving it is on the defendant, and it was error therefore in the court to instruct the jury " that if the plaintiffs have not shown affirmatively that their negligence did not contribute in any degree to the injury they could not recover."

October 16th 1877. Before Agnew, C. J., Mercur, Gordon, Paxson, Woodward and Sterrett, JJ. Sharswood, J., absent.

Error to the Court of Common Pleas of *Erie county* : Of October and November Term 1877, No. 62.

Case by William Mallory and Hannah, his wife, in right of the wife, against Benjamin Griffey, for injuries sustained in being thrown

[Mallory *v.* Griffey.]

from a buggy, by reason of an alleged obstruction placed upon the highway by defendant.

At the trial, before Vincent, P. J., it appeared that Mrs. Mallory was driving a horse and buggy along a road which passed the residence of defendant. On this road the latter had placed a lot of building materials preparatory to building a barn. Among these materials was a large stone, at which, it was alleged, the horse of Mrs. Mallory took fright, and shying, threw her from the buggy, seriously injuring her. The horse was a gentle and manageable one, and had been driven at various times by the different female members of Mr. Mallory's family. The materials were placed on the road on Saturday and were removed on the following Tuesday, and only partly obstructed the road, leaving sufficient space for vehicles to pass.

The fourth and ninth points of defendant, both of which the court affirmed, were as follows:—

4. That if there was any negligence on the part of plaintiffs, that contributed to the accident, then the plaintiffs cannot recover.

9. That if the plaintiffs have not shown affirmatively that their own negligence did not contribute in any degree to the injury, the plaintiffs cannot recover.

The court, in their general charge, said:—

"The defendant has a right to place building material upon the highway, and occupy a reasonable portion thereof, for the purpose of building, leaving ample room for the passage of animals and vehicles; and he had a right to let the material remain there for a reasonable length of time, nor will he be answerable for consequences to others by reason of so using a portion of the public highway; he will, in such a case only be answerable for injuries arising from an unreasonble or negligent use of it.

"If the defendant placed the stone in the highway on Saturday evening, and moved it away Tuesday following, it would be difficult to see how that length of time could be called unreasonable. If he left ample space between the stone and the timber, as placed by him, for the passage of horses, wagons, &c., he did, as far as that is concerned, all that the law required him to do, and if you so find from the testimony, the plaintiff cannot recover, unless in some other way he was negligent."

The verdict was for defendant, and the plaintiffs, after judgment, took this writ, his assignments of error being 3, the answer to defendant's fourth point; 8, the answer to his ninth point, and 11 and 12, the foregoing parts of the charge.

*Chapman, Benson & Brainerd,* for plaintiffs in error.—The rule which permits a party to use the highway adjacent to his building to temporarily place thereon his building materials, is necessary in a city or town, but it cannot be applied in the country, where no

[Mallory *v.* Griffey.]

such necessity exists. It was incumbent upon the defendant to show the negligence of plaintiff; Buel *v.* N. Y. Central Railroad Co., 31 N. Y. 319; Penna. Railroad Co. *v.* Weber, 26 P. F. Smith 168; Weiss *v.* Penna. Railroad Co., 29 Id. 387; Johnson *v.* West Chester and Philadelphia Railroad Co., 20 P. F. Smith 358.

It was no defence that the driver by careful driving could have avoided the accident: Lower Macungie Township *v.* Merkhoffer, 21 P. F. Smith 276.

*S. E. & T. S. Woodruff,* for defendant in error.—If the defendant used no more than a reasonable portion of the highway he was not liable, and its temporary use in building was allowable from the necessity of the case: Commonwealth *v.* Passmore, 1 S. & R. 217; Palmer *v.* Silverthorn, 8 Casey 65; People *v.* Cunningham, 1 Denio 524.

Mr. Justice STERRETT, delivered the opinion of the court, November 5th 1877.

In that portion of the charge covered by the eleventh and twelfth assignments of error, the jury were properly instructed that the defendant might place building material on a portion of the highway, and permit the same to remain there for a reasonable length of time, for the purpose of erecting his barn on the line of the road, without, on that account alone, incurring liability for injuries sustained by persons passing along the road; *provided,* ample room was left for the free passage of vehicles and animals; but he would be liable for injuries occasioned by an unreasonable or negligent use of the highway.

The instructions given by the learned judge on this subject appear to be sustained by The People *v.* Cunningham, 1 Denio 524; Commonwealth *v.* Passmore, 1 S. & R. 217, and Palmer *v.* Silverthorn, 8 Casey 65. In the last case, Mr. Justice THOMPSON said: "The necessity of the case was probably the foundation of the rule, and is the foundation of most laws and municipal regulations; but the practice has become a custom of such long standing, that it is regarded as law. * * * It is a right to be exercised under responsibility for all injury arising from an unreasonable or negligent use of it." The want of ample room to pass along the road at the point where the building material was deposited, was not the main ground of complaint relied on by the plaintiffs. It was alleged that Mrs. Mallory's horse was suddenly frightened by a large stone or boulder, placed on or near the roadway, and became unmanageable; that she was thrown from the buggy, and thus received the injuries complained of. It was claimed that the stone was an object calculated to frighten an ordinarily quiet and well-trained horse, and that the defendant was chargeable with negligence in leaving it on the highway. This presented a question of fact, which was properly sub-

[Mallory *v.* Griffey.]

mitted to the jury, with the instruction that the plaintiffs could not recover, unless they found "from the evidence that a stone or rock, such as was placed in or near the road by the defendant, was, in and of itself, an object calculated to frighten an ordinarily quiet and well-broken horse." If this had been the only question of fact to be found by the jury, the verdict would have been conclusive of the plaintiffs' right to recover; but the question of contributory negligence, raised by the defendant's fourth point, was also submitted. Both of these questions may have been found in favor of the defendant, but we have no means of determining whether they were or not. The verdict, for aught we know, may have been based on the finding of contributory negligence alone; and if so, the plaintiffs were prejudiced by the affirmance of defendants' ninth point, viz.: "That if the plaintiffs have not shown affirmatively that their own negligence did not contribute, in any degree, to the injury, they cannot recover." This instruction cast upon the plaintiffs the onus of disproving negligence, and was clearly wrong. Negligence of a plaintiff contributing to the injury complained of, is matter of defence, and, ordinarily, the burthen of proving it is on the defendant. There may be cases in which it would be incumbent on the plaintiff to prove that he exercised ordinary care, but this is not one of them.

There appears to be nothing in any of the remaining assignments of error that requires further notice.

Judgment reversed, and a *venire facias de novo* awarded.