SADIE E. NIEBEL ET AL., RESPONDENTS, v. JOHN H. WINSLOW, APPELLANT.

Submitted March 9, 1915—Decided November 15, 1915.

1. In an action for damages against a physician for the negligent performance of a surgical operation, in that a gauze sponge was negligently left in the abdomen of the plaintiff, it was injurious error to charge the request of plaintiff's counsel that "If you find that the gauze was left in the abdomen of plaintiff and the incision sewed up by defendant or allowed to heal over it, the burden of proof is on defendant to show that it was not left there by any carelessness or negligence of his."
2. In an action of negligence, the burden of proving the negligence of the defendant is upon the plaintiff, and as a proposition of law for the jury's guidance at the close of the case, it never shifts to the defendant.
3. *Hughes* v. *Atlantic City Railroad Co.*, 85 *N. J. L.* 212, followed.
4. This right of the defendant to have the plaintiff bear the burden of the affirmative is a substantial one, the denial of which is injurious error.

On appeal from the Supreme Court.

For the appellant, *Louis H. Miller.*

For the respondents, *Charles P. Brewer* and *George A. Bourgeois.*

The opinion of the court was delivered by

Garrison, J. This is an action for damages against a physician for negligence in the performance of an operation.

The complaint charges that "Defendant did not use due and proper care or skill in performing said surgical operation upon said Sadie E. Niebel, or in the cure of her sickness in this: that the defendant so negligently and unskillfully conducted himself in performing said surgical operation, that he negligently left a sponge which had been used in performing said operation, in the abdomen of said Sadie E. Niebel and negligently permitted said sponge to remain there for several weeks, causing said Sadie E. Niebel to become very ill, sick, sore and disordered, and to remain, sick, sore and disordered." Under this charge of the complaint the issues were whether or not a sponge was found in the abdomen of the plaintiff, and, if so, whether it was left there during the operation performed by the defendant under such circumstances as to show that it had been negligently left there by the defendant. Upon each of these material inquiries there were conflicting testimony and opposing inferences. The trial judge in the body of his charge repeatedly told the jury that the burden of proving the negligence of the defendant was upon the plaintiff, and explained that the burden of proof meant the duty of establishing negligence by a preponderance of the evidence. After the delivery of these correct instructions, the court charged certain requests preferred by plaintiff's counsel and not withdrawn after hearing the charge, one of which was: "If you find that the gauze was left in the abdomen of the plaintiff, and the incision sewed up, or allowed to heal up over it, the burden of proof is on the defendant to show that it was not left there by any carelessness or negligence of his." This was error. Neither the single fact nor the group of facts stated in this request shifted to the defendant the burden of proof which, notwithstanding such facts, remained with the plaintiff. The facts recited in the request were a part of the plaintiff's case, in that they were steps in the establishment of the negligence of the defendant, the burden of proving which was upon the plaintiff; the effect, therefore, of the request was that the jury was told that if the plaintiff had established these steps in its proof of the defendant's negligence, the burden of exculpating him-

self from the complete charge of negligence was shifted to the defendant.

This was the precise error for which this court recently reversed the judgment in the case of *Hughes* v. *Atlantic City Railroad Co.*, 85 *N. J. L.* 212, where the jury was instructed that if the plaintiff proved that he had been injured by the bursting of an electric light bulb, the burden shifted to the defendant to exculpate itself from the charge of negligence. The doctrine of *res ipsa loquitur* happened to be involved in that case, but Mr. Justice Swayze, in his opinion, said: "He [the trial judge] thus put upon the defendant, in a case where there was no direct evidence of negligence, *a burden from which it would have been free in a case where there was direct evidence.*" The concluding words correctly state the rule applicable to the present case.

The same rule is discussed and admirably stated by Mr. Justice Pitney in a recent case in the United States Supreme Court. *Sweeney* v. *Irving*, 228 *U. S.* 233.

The direct violation of this rule in the present case cannot be condoned upon the ground that plaintiff's counsel may have had in mind the evidential rule as to the duty of going forward with the testimony to overcome a presumption or a *prima facie* case made during the trial. If so, the language of the request was singularly inept for such a purpose; moreover, after the evidence is all in and the jury is being instructed as to its duties in arriving at a verdict, "the burden of proof" has a fixed and definite meaning. It is not a question of words or of mere form of expression but of a very substantial and fundamental right; as was said by this court in *Bien* v. *Unger*, 64 *N. J. L.* 596, "This right of the defendant to have his plaintiff bear the burden of the affirmative is a substantial one and not a mere matter of form."

The practically injurious nature of the request will at once be apparent when it is remembered that in the present case the operation, although performed by the defendant, a private practitioner, was performed by him in a hospital where he was assisted by trained resident nurses, presumably in the employ of the hospital and familiar with their duties.

While the testimony is meager as to the precise nature of these duties, it is inferable from the evidence and from the terms "operator" and "assistants" that it was the duty of the latter, at or just before the close of the operation, to count the sponges in use, which at that critical stage the operator himself could not do without jeopardy to his patient. The very meagerness of the proof and the fact that presumptions had to be met and inferences to be drawn, made the question of the burden of proof all the more important, since it may well be that the state of the proofs was such that whoever had to bear the burden of proof must fail because of such burden. In such a case the burden must remain where the law places it or the resulting judgment must be reversed. Nor is the injurious error of charging the plaintiff's request in anywise cured or rendered harmless by the fact that the correct rule had been stated to the jury in the body of the charge; for, as was said by this court in the case of *State* v. *Clayton,* 83 *N. J. L.* 673, "It is argued that this error was harmless because in the body of the charge the degrees of murder had been accurately defined. So they had, but how were the jury to know which was the law?"

For the reasons given, the judgment of the Supreme Court is reversed, and a *venire de novo* awarded.

*For affirmance*—KALISCH, BLACK, HEPPENHEIMER, JJ.   3.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, VREDENBURGH, WHITE, WILLIAMS, JJ.   11.