GEORGE I. BRIGDEN, RESPONDENT, v. GUISEPPE PIROZZI
AND GIOVANNI PIROZZI, PARTNERS, TRADING AND
DOING BUSINESS AS PIROZZI BROTHERS, APPEL-
LANTS.

Submitted March 27, 1922—Decided June 19, 1922.

1. If it clearly appears that the plaintiff's conduct did contribute to
   the accident, then the court should exercise control of the case
   and grant a nonsuit or direct a verdict for the defendant, but if
   the case presents a fairly debatable question whether the negli-
   gent act of the plaintiff did so contribute to the accident, then the
   question of the plaintiff's contributory negligence is one for the
   determination of the jury.
2. The plaintiff was driving his automobile at night to the right of
   the centre of an improved road at a speed of seventeen miles per
   hour. The lamps on his car were burning and were of such in-
   tensity as to enable him to see approximately two hundred and
   fifty feet in advance of the car. The lamps of a car approaching
   in the opposite direction cast a side glow as the car passed the
   plaintiff. At this moment the plaintiff saw ahead of him a large
   truck unlighted. He could not check his car in time to avoid a
   collision and struck the rear of the defendant's truck. *Held,*
   that the facts presented a debatable question as to the plaintiff's
   contributory negligence, and that it was not error to have sub-
   mitted the question of whether or not the plaintiff was guilty of
   contributory negligence to the jury for its determination.

On appeal from the Somerset County Circuit Court.

For the respondent, *Frederick A. Pope.*

For the appellants, *McDermott & Enright.*

The opinion of the court was delivered by

Katzenbach, J.   On October 20th, 1920, at eight-twenty-
five P. M., George I. Brigden, the plaintiff, was driving his
automobile on Union avenue in Bound Brook in the direction
of Somerville. It was dark. The lights upon his car were
burning. The road was improved with amesite. The car
was a left-hand drive. Upon the right-hand front seat sat

a young girl, an employe in the household of Brigden, who was being taken to her home. The car was traveling at the rate of approximately seventeen miles per hour and was being driven on the right-hand side of the road, with the left-hand wheels of the car a short distance to the right of the centre of the road. The defendants were the owners of a truck which had been proceeding on the road in the same direction as the plaintiff's car. The gasoline supply for the truck had failed and the driver of the truck had gone for gasoline, leaving the truck standing in the road, in an oblique position towards the right-hand side of the road, with its left-hand rear wheel just off the center line of the improved surface. The truck substantially covered all the improved surface of the road to the right of the centre line. According to the testimony of several witnesses the lights upon the truck, in- · cluding the red tail light, were unlighted. As the plaintiff approached the rear of the truck an automobile approached in the opposite direction. The approaching car was equipped with non-glare lights, Roman lenses. The lights cast a side-glow as the car was passing the plaintiff's car. At this moment the plaintiff saw ahead of him the truck. He could not stop his car in time to avert a collision and struck the rear of the truck, badly damaging his car. To recover the loss occasioned him by the accident Brigden instituted the present action. The case was submitted to the jury, which found a verdict for the plaintiff. From the judgment entered thereon the defendants below have appealed.

The basis for the appeal is the refusal of the trial court to nonsuit the plaintiff or direct a verdict for the defendants upon the grounds that the plaintiff was guilty of contributory negligence and that the proximate cause of the accident was the plaintiff's negligence. The argument advanced by the appellant's counsel is that the plaintiff was traveling when it was dark at seventeen miles per hour; that the headlights of his car permitted him to see the road for two hundred and fifty feet ahead of his car; that when he saw the truck he was only fifteen to twenty-five feet from it and did not have time to put on his brakes to avoid the collision; that the

plaintiff was either proceeding without looking ahead, as he should have been doing, or he was blinded by the glare of the headlights of the approaching car to such an extent as to be unable to see the truck ahead of him, and that under such circumstances he should have checked or stopped his car instead of running it ahead in the darkness, and that his failure to do so was the proximate cause of the accident as well as contributory negligence. There is, perhaps, no principle of law better settled than that if it clearly appears that the plaintiff's conduct did contribute to the accident then the court should exercise control of the case and grant a nonsuit or direct a verdict for the defendant; but if the case presents a fairly debatable question whether the negligent act of the plaintiff did so contribute to the accident, then the question of the plaintiff's contributory negligence is one for the determination of the jury. *Central Railroad Co.* v. *Moore,* 24 *N. J. L.* 824; *Pennsylvania Railroad Co.* v. *Righter, Id.* 180; *Mahnken* v. *Freeholders of Monmouth,* 62 *Id.* 404.

From the testimony given in the present case it was possible for a jury to have found that the plaintiff should have seen with the lights upon his car the truck within time to have averted the collision by the application of his brakes, or that he was negligent in proceeding at the speed, he admits, if the lights of the car approaching in the opposite direction so blinded him that he could not see where he was going and that his carelessness was the proximate cause of the accident which befell him, and for this reason to have found a verdict for the defendants. On the other hand, it was equally possible for the jury to find that the proximate cause of the accident was the defendants' failure when stopping the truck to draw it to the side of the road, in accordance with the provisions of the Traffic act (chapter 155, laws of 1915, part 2, § 9), or the failure to have the red light on the rear of the truck burning, as required by law. A jury could also find from the testimony that the side glow of the lights of the passing car did not so obstruct the vision of Brigden that he should have stopped his car and waited until

the approaching car had passed, although this would have avoided the collision with the truck. Other questions are suggested by the evidence, but those alluded to will suffice to show that the plaintiff's negligence was a fairly debatable question and that the trial court ruled correctly in submitting the case to the jury and in refusing to grant the defendants' motion to nonsuit the plaintiff and direct a verdict for the defendants.

The judgment is affirmed, with costs.

*For affirmance* — THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, BLACK, KATZENBACH, WHITE, HEPPENHEIMER, WILLIAMS, GARDNER, ACKERSON, VAN BUSKIRK, JJ. 15.

*For reversal*—None.