AMELIA O'KEEFE, complainant-respondent,

*v.*

JOHN O'KEEFE, defendant-appellant.

[Submitted June 9th, 1924. Decided October 20th, 1924.]

1. This court will ordinarily not interfere with the discretionary action of the court of chancery in so dealing with pleadings as to reach a definite issue free from vagueness or evasiveness.

2. Under section 26 of the Evidence act (*Comp. Stat. p. 2229*) our courts are entitled to take judicial notice of officially reported decisions of the courts of other states construing the statutes of such states.

On appeal from order of the court of chancery striking out certain parts of answer and counter-claim as insufficient.

The parties are husband and wife. The bill alleges (1) that by a deed dated August 16th, 1920, and recorded, &c., complainant and defendant, her husband, became seized as tenants by the entirety of certain lands in the State of New York. This is admitted by the answer. (2) That rents for 1921 amounted to $3,320 and for 1922 to $3,410, all of which defendant collected and appropriated to his own use. That defendant received and appropriated $465 of the 1923 rents (denied), and that complainant received $1,392.30 of such rents, most of which she necessarily paid out in repairs, &c. The answer to this paragraph was struck out "as insufficient."

3. The second branch of the complaint deals with real estate in New Jersey. It sets up that by deed dated in October, 1920, and recorded, &c., the parties became seized by the entirety of a two-family house in Jersey City, one floor of which they occupied till October 5th, 1923, when defendant abandoned complainant, who continues to live there. That the rents of the other floor have always been taken and appropriated by defendant. The answer admits all this.

except the "abandonment" and appropriation of rents, which are denied.

4. That complainant, as one of two tenants by the entirety, is entitled to one-half of the net rents of all the above property; (5) has asked defendant for an accounting which was refused; (6) alleges defendant owes her on this account upwards of $3,000. These three paragraphs by number are "denied."

The complaint contains the usual prayer for answer, accounting, payment, enforcement by. lien, and so on.

The counter-claim is in eleven paragraphs of averment, of which the first seven only are here pertinent, and six paragraphs of prayer, numbers two, three and four of which are under review. The order directed that these seven paragraphs of averment and three of prayer be struck out. They are to this effect—(1) the purchase of the New York property; (2) payment for it by defendant out of his own funds exclusively except as to an assumed mortgage; (3) that he built eight dwellings on it and paid for them $13,500 of his own money; (4) at a total cost of $18,000, none of which was paid by complainant; (5) restates the deed of the Jersey City property; (6) alleges it was owned by defendant solely before marriage; (7) but that he wished to mortgage it, and complainant refused to join in the mortgage unless he would put the title in their joint names; for which reason "and upon certain representations made by complainant to defendant" he did so. Paragraph 2 of the prayer is that a lien be declared in favor of defendant for $14,500 upon the New York property; (3) that complainant be directed to convey her apparent title therein to defendant saving her inchoate right of dower; (4) a similar prayer for conveyance of the Jersey City property.

These ten paragraphs of the counter-claim were struck out "because they disclose no cause of action."

Paragraph 2 of the answer was, as already stated, struck out "as insufficient."

The general denials in the answer of the allegations of paragraph 4 of the bill were stricken out as insufficient.

*Mr. Warren Dixon,* for the appellant.

*Messrs. Melosh, Morten & Melosh,* for the respondent.

The opinion of the court was delivered by

PARKER, J.

The controversy is purely one of equity pleadings, subject, especially, to the recent statutes relating to the court of chancery and rules of that court. *P. L. 1915 p. 184;* for the rules, see *100 Atl. Rep. 7.*

The first point made on the appeal is that paragraph 2 of the answer was improperly stricken. It reads as follows: "Paragraph 2 is denied, except that defendant admits that *the rents received* from the eight bungalows in 1921 amounted to $3,320, and for 1922 to $3,410; and that complainant received the rents for 1923 amounting to $1,392.50."

Rule 65 in chancery reads, in part, as follows: "The answer must specifically admit, or deny, or explain, the material facts as stated in the bill of complaint, unless the defendant has no knowledge or information sufficient to form a belief, and so states."

We think the paragraph was evasive and properly struck out on that ground. The complaint specifically charged that he had received certain rents and appropriated them to his own use. The answer speaks of "rents received." Received by whom? If by defendant, did he use them in whole or part to pay legitimate expenses of the property? The general "denial" seems to leave the issues of fact somewhat in the air. A complainant making a specific charge is entitled to have it squarely met in the answer, and the court is entitled to a clear issue to try out. To that end it must, necessarily, in its discretion, mould pleadings so as to clarify the issue. Inasmuch as the order appealed from reserved to the defendant an opportunty to answer over, no substanial right has been infringed. We see no error here to call for a reversal.

It is argued, under this point, that the bill fails to show that complainant is entitled to an accounting of the rents of

the New York property, and this for the reason that it fails to aver any statute of New York on which such right is founded; and unless such statute be pleaded and proved, the common law is presumed to be in force. One answer to this is that the right under New York law is asserted, at least, inferentially, in paragraph 4 of the bill. No specific reference to a "statute" is needed if the pleading states the law of the other state to be thus and so. Moreover, by section 26 of the Evidence act (*Comp. Stat. p. 2229*), the court may take judicial notice of the reports of decisions in other states, as evidence of their common law and judicial construction of statutes. Applying this statute, we observe by the decision in *Hiles* v. *Fisher, 144 N. Y. 306; 39 N. E. Rep. 337,* that the law as to entireties in that state is substanially identical with our own; in fact, that our decision in *Buttlar* v. *Rosenblath, 42 N. J. Eq. 651,* was adopted by the highest court of New York as an exponent of the rights of parties under their law and statutes. It has been followed in this state by *O'Connell* v. *O'Connell, 93 N. J. Eq. 603,* in which the right of the wife to an accounting of rents is specifically declared. This seems also to dispose of the second point argued in the brief of appellant.

We are now brought to the part of the counter-claim already abstracted and held to disclose no cause of action. This ruling we consider was correct. On the face of the counterclaim not a fact is stated that is inconsistent with the general rule that when a husband puts real estate in his wife's name or builds on her land, equity presumes that it was by way of settlement or gift. *Hood* v. *Hood, 83 N. J. Eq. 695; Ringold* v. *Ringold (Chancery), 116 Atl. Rep. 690,* and cases cited.

The order will be affirmed, with costs.

*For affirmance* — THE CHIEF-JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, GARDNER, VAN BUSKIRK, CLARK, McGLENNON, KAYS—15.

*For reversal*—None.