ROSE OCELLO RIZZOLO, IMPLEADED AS ROSE OCELLO, ADMINISTRATRIX AD PROSEQUENDUM OF THE ESTATE OF JOSEPH OCELLO, DECEASED, PLAINTIFF-RESPONDENT, v. PUBLIC SERVICE CO-ORDINATED TRANSPORT, DEFENDANT-APPELLANT, AND ERNEST PICKELL AND JOHN WATSON, DEFENDANTS.

Argued February 9, 1933—Decided May 24, 1933.

For the defendant-appellant, *Henry H. Fryling* (*James J. Higgins* and *William H. Speer,* of counsel).

For the plaintiff-respondent, *Brenner & Kresch* (*Alfred Brenner,* of counsel).

The opinion of the court was delivered by

BROGAN, CHIEF JUSTICE. This case presents an appeal from the Supreme Court, Hudson Circuit, wherein plaintiff, administratrix *ad prosequendum,* was awarded a judgment for $18,000 against the defendant Public Service Co-ordinated Transport the action against the other defendants Pickell and Watson having, by consent, been discontinued.

The facts disclosed are that on December 2d, 1928, at six o'clock in the evening, the plaintiff's intestate, a pedestrian, was at the northwest corner of Harrison avenue and Fourth street, Harrison, New Jersey, whence he attempted to cross to the southwest corner. The intersection is a busy one. The area is lighted by four arc lamps, one on each corner. A traffic light, located at the center of the intersection and operated by a police officer from a booth, directs the movement of traffic, east and west-bound as well as north and south-bound. Counsel for the respondent, in his oral argument and main brief, conceded that the traffic light was "against" this pedestrian at the time he stepped off the curb at the westerly crosswalk of Fourth street, to go straight across the roadway of Harrison avenue in a southerly direction, but in his supplemental brief he departs from this admission, arguing by way of justification that he overlooked testimony that tended to leave that important fact of the case in dispute.

At this juncture there were two trolley cars of the de-defendant corporation in this area, facing in opposite directions, one on the east-bound track which runs towards Jersey City, and the other on the west-bound track which runs towards Newark. The testimony was such that the jury might properly find that just prior to the accident both cars were at a standstill, either taking on or discharging passengers or both, the east-bound car having been stopped twelve or fifteen feet behind or west of the crosswalk along which the plaintiff's intestate came; that the west-bound car had stopped on Harrison avenue at or close to the easterly crosswalk; that Harrison avenue is forty feet wide from curb to curb; that Fourth street is thirty-six feet wide from curb to curb. When the traffic light showed green in favor of east and west-bound traffic, both cars started on their respective ways. This traffic signal (green) for east and west traffic to proceed of course meant that the north and south traffic was halted by an appropriate red light and at this time witnesses testified that the decedent was about in the middle of the roadway of Harrison avenue and, at the approach of the east-bound car which then had moved to within four or five feet from him, he

attempted to retrace his steps when, apparently, he noticed the west-bound car approaching and, turning, he went in a westerly direction, the result being that he was caught between the two cars, crushed, and received injuries from which he died.

The court denied defendant's motion for nonsuit at the end of the plaintiff's case and for that reason alone defendant appeals, alleging as the sole ground for reversal that a nonsuit should have been granted because the defendant was guilty of no negligence and, further, that the plaintiff's intestate was guilty of contributory negligence. To reverse the judgment, therefore, it must appear that the defendants were not guilty of negligence or of conduct from which negligence might legitimately be inferred or that the conduct of the plaintiff's intestate was such that he should be adjudged guilty of contributory negligence as a matter of law.

On the first point as to the defendant's negligence, if any, there was testimony to support a conclusion by the jury that at the time the decedent stepped off the curb to cross the roadway the trolley cars were at a standstill; both of them had headlights; the area in question was also lighted. There was testimony that no warning bell was sounded. The operator of the east-bound trolley in his testimony, said he never saw him (decedent) until he was in the middle of the street. On further questioning as to whether anything prevented him from seeing him, he replied, "maybe I didn't look." In the next answer he contradicts this by saying, "I looked. I had the light. I didn't look *neither* way." Is it the conduct of an ordinarily prudent man operating a trolley car, under these circumstances, not to look both ways? Obviously, a jury question is presented when the witness, himself a defendant, says as here that perhaps he didn't look, then says he did, but admits (and this apparently upon reflection) that because he had the light in his favor he did not make observations to the right and left of him. This presented a situation from which a jury might legitimately infer that the defendant was negligent.

There is a further conflict of testimony as to whether or

not the light was against the pedestrian at the time he stepped off the curb. The same witness, Pickell, testifies that when he stopped the trolley car, whose operation he controlled, behind the westerly crosswalk, the red light was against him (which meant that a green or amber light faced the north and south-bound traffic, in favor of the decedent, and in which direction the decedent was proceeding); the passengers got off and on his car and that the light changed to green and that he "started on my way;" that he saw the decedent; that when he first saw him, his car was still four or five feet "behind the curb, the curbing that comes there, the crosswalk;" and, further, that the decedent at that time was in the middle of the track "going to Newark," placing him, with particularity, as standing between the west-bound tracks.

Now, Watson, the operator of the west-bound car, testified that when he saw the traffic signal was green he started up his car; that he saw the decedent coming down Fourth street rapidly, either walking fast or running; that at the time decedent stepped off the curb his car was twelve or fifteen feet east of the westerly line of Fourth street; that he sounded his bell several times; that when the decedent reached the west-bound track he slipped or stumbled and hesitated. It was afterwards that the decedent turned westerly and attempted to save himself by standing in the neutral area between the two trolleys. The east-bound trolley stopped; the west-bound trolley did not. The space where the decedent found himself was too narrow and he was crushed to death. The witness, Watson, further says that his car, when he first saw the decedent, was going at about eight miles an hour; Pickell says it was going about ten miles an hour; another witness places the speed at four miles an hour. The police officer, Brophy, says no bell was sounded. Contrasting these discrepant stories clearly presented a fact question for the jury both as to the defendant's negligence and as to the contributory negligence of the deceased.

The second element of this ground for reversal concerns the alleged contributory negligence of the decedent. Now, contributory negligence is usually a fact question for the jury.

*Casey* v. *Atlantic City and Shore Railroad,* 100 *N. J. L.* 376. The rule is that in order to justify a nonsuit on the ground of contributory negligence, such contributory negligence on the part of a decedent must appear conclusively as a fact or by necessary exclusive inference from the proof. *Pennsylvania Railroad* v. *Middleton,* 57 *Id.* 154; *Danskin* v. *Pennsylvania Railroad,* 79 *Id.* 526; *Molnar et al.* v. *Hildebrecht et al.,* 110 *Id.* 246.

From what has been said, it is obvious that there was no such contributory negligence on the part of the deceased that it stands out conclusively as a fact.

The appellant, in support of its argument charging that the plaintiff's intestate was guilty of contributory negligence as a matter of law, says that the decedent violated the provisions of section 1, article 5 of the Traffic act, chapter 281 of the laws of 1928, by crossing the roadway while the traffic light was "against" him. As has been pointed out, the testimony did not demonstrate that he had violated the provisions of the Traffic act in this particular by crossing "against" the traffic light. As a matter of fact this is put into dispute by the defendant's own proof.

The violation of a penal statute or ordinance is not, as has been determined many times, negligence *per se* but is a mere incident of negligence. *Evers* v. *Davis,* 86 *N. J. L.* 196; *Kolankiewiz* v. *Burke,* 91 *Id.* 567; *Winch* v. *Johnson,* 92 *Id.* 219; *Baker* v. *Fogg & Hires Co.,* 95 *Id.* 230; *Muller* v. *West Jersey and Seashore Railroad,* 99 *Id.* 186; *Jackson* v. *Geiger,* 100 *Id.* 330. So, conversely, in the matter of contributory negligence the violation of a penal statute or ordinance by a plaintiff or plaintiff's intestate, cannot logically be said to be conclusive evidence of contributory negligence as a matter of law. Whether the conduct of the decedent, under the facts and circumstances presented, was that of an ordinarily prudent man is a fact question and it was not error for the trial court to reject the defendant's motion for nonsuit.

The judgment is affirmed, with costs.

For affirmance—THE CHANCELLOR, CHIEF JUSTICE, CASE, BODINE, DONGES, HEHER, VAN BUSKIRK, DEAR, JJ.   8.

For reversal—PARKER, KAYS, HETFIELD, WELLS, JJ.   4.