CHARLOTTE A. POLING AND RUSSELL POLING, PLAIN-
TIFFS-RESPONDENTS, v. WALTER E. MELEE, DEFEND-
ANT-APPELLANT.

Submitted February 15, 1935—Decided May 17, 1935.

For the appellant, *J. Victor Garton.*

For the respondents, *Theodore D. Parsons.*

The opinion of the court was delivered by

CAMPBELL, CHANCELLOR. This is an appeal from judg-
ments in favor of the plaintiffs below entered upon verdicts
in their favor, the amount of the verdict in favor of the plain-
tiff Russell Poling having been reduced upon a rule for new
trial and the judgment in his favor being for such reduced
amount.

It is not necessary to state the proofs in any great detail.
The action was for damages for injuries to Mrs. Poling, and
the resulting damage to her husband, occasioned by her com-
ing in contact with the motor car driven by the defendant

upon a public highway which Mrs. Poling was in the act of crossing, on foot. As she was about to enter upon the highway, for the purpose of crossing it, she saw the car of the defendant approaching her from her left, at which time it was some distance from her, such distance being variously estimated as being from one hundred and fifty to two hundred and seventy-nine feet. She determined that she could safely go forward across the highway, in front of the approaching car and took several steps out in the roadway, when she realized that the car was bearing down upon her at a rate of speed which made it impossible for her to pass in front of it in safety. She stopped, was struck by the side of the car and injured.

The defendant testified that he saw Mrs. Poling step into the highway when he was two hundred feet away from her and that she proceeded forward, in crossing the roadway, for some distance and then attempted to turn back.

There are three grounds for reversal urged and argued:

1. Error in refusing to nonsuit.

2. Error in refusing to direct a verdict in favor of the defendant.

3. Error in the charge of the court.

The first and second of these grounds for reversal may be considered together because both are based upon the sole reason that the proofs establish that Mrs. Poling was guilty of contributory negligence as a matter of law.

The rule is: "To justify such nonsuit the contributory negligence of the plaintiff must clearly appear, conclusively as a fact, or by necessary exclusive inference from the plaintiff's evidence, and where the evidence, when the plaintiff rests, leaves the question of the plaintiff's contributory negligence in doubt, the determination of that question must be submitted to the jury." *Brewster* v. *New York Central Railroad Co.*, 80 *N. J. L.* 447; *Dickinson* v. *Erie Railroad Co.*, 81 *Id.* 464; *Anderson* v. *Public Service Corp., Ibid.* 700; *Napodensky* v. *West Jersey and Seashore Railroad Co.*, 85 *Id.* 336; *Work* v. *Philadelphia Supply Co.*, 95 *Id.* 193; *Steinberg* v. *Bogatin Dyers and Cleaners*, 105 *Id.* 294; *Eggert* v. *Mutual Grocery Co.*, 111 *Id.* 502.

The rule is not different upon an application for a directed verdict upon the same ground except that it is to be applied to all the proofs in the cause and not limited to the proofs upon the part of the plaintiff.

So measured, the proofs clearly demonstrate that the question of contributory negligence was here one requiring submission to the jury and the trial court was not in error in refusing to nonsuit the plaintiffs or direct verdicts against them.

The remaining ground is that the court erred in its instructions to the jury.

With respect to this two things appear:

1. That the exception taken to the charge although it purports to quote the portion complained of still such portion quoted is not that quoted and set up by the third ground of appeal.

This, of course, is improper and irregular, and we might well dismiss it as a ground improperly or insufficiently presented.

For the purposes of this case we are, however, accepting the exception as indicating the particular portion of the charge set forth in the ground of appeal.

2. So assuming, the fact remains that the exception and ground of appeal selects and directs itself to a selected excerpt from and out of the whole charge. This is improper and unavailing to an appellant where a reading and consideration of the whole charge shows no error; our inquiry being whether the jury was misled to the injury of the appellant. *Lenz* v. *Public Service Railway Co.*, 98 *N. J. L.* 849; *Public National Bank of New York* v. *Patriotic Insurance Company of America et al.*, 105 *Id.* 477; *Belperche* v. *Erie Railroad Co.*, 111 *Id.* 81, 87.

So considering the charge, as a whole, we find no error.

The judgments under review are affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD DEAR, WELLS, JJ. 14.

*For reversal*—None.