SAMUEL A. LUMLEY, ADMINISTRATOR AD PROSEQUEN-
DUM OF EDWARD A. LUMLEY, PLAINTIFF-APPEL-
LANT, v. WEST JERSEY AND SEASHORE RAILROAD
COMPANY, A CORPORATION, DEFENDANT-RESPOND-
ENT.

LILLIAN M. MOWERS, ADMINISTRATRIX AD PROSEQUEN-
DUM OF CHARLES C. MOWERS, PLAINTIFF-APPEL-
LANT, v. WEST JERSEY AND SEASHORE RAILROAD
COMPANY, A CORPORATION, DEFENDANT-RESPOND-
ENT.

Submitted February 12, 1937—Decided April 30, 1937.

For the appellant, *Walter S. Keown* (*George D. Rothermel,* of counsel).

For the respondent, *Starr, Summerill & Lloyd* (*Alfred E. Driscoll,* of counsel).

The opinion of the court was delivered by

TRENCHARD, J. These cases are here on appeal from a judgment of the Supreme Court affirming (by an equally divided court) judgments of nonsuit entered by the Salem County Circuit Court on the motion of the defendant railroad. The cases were tried together and were consolidated

for the purpose of appeal, since they arise out of the same occurrence and present the same legal and factual questions.

The record discloses that the plaintiffs' intestates were employes of an expressman, and in pursuance of their duties as such employes were on one of his trucks which was traveling on Griffith street in the city of Salem, and were riding on the extended tailboard of the truck, when they were thrown off as the truck crossed the tracks of the defendant railroad, striking their heads on the ground and causing injuries from which they died shortly thereafter.

It appears that at the point where they were thrown off, the defendant company maintained a railroad crossing over its tracks where they crossed Griffith street in a built up residential and industrial section of Salem; that the tracks had been authorized by an ordinance of the city, which ordinance, like paragraph 26 of *Pamph. L.* 1903, *p.* 659, imposed the duty on the defendant railroad to keep in repair such crossing so that public travel thereon should not be impeded thereby.

The motion for nonsuit was grounded upon the contentions: (1) no evidence of defendant's negligence, and (2) no evidence of negligence which was the proximate cause of injury to plaintiffs' intestates.

The trial judge nonsuited because he thought that "it had not been proved that the railroad company did anything or failed to do anything that could be considered the proximate cause of the accident." In so holding we believe the learned trial judge fell into error, for the testimony, as we see it, required the submission of the case to the jury.

The testimony, while conflicting in some particulars, nevertheless tended to show that the truck upon which plaintiffs' intestates were employed was proceeding along the highway at about twelve or fifteen miles an hour; that they were riding on the tailboard which was designed to be, and was, supported straight out from the body of the truck by a chain which ran from the corner of the body across the tailboard to the sides of the truck and was fastened by a hook; that this appliance was in perfect condition and securely fastened

immediately prior to the accident; that in passing over the crossing the chain, which supported the tailboard, became unhooked by reason of a "bump" or "bounce" or "jar" when the truck struck a hole or depression caused by the surface of the ground between the tracks having been worn away so that it left the rails of the track "sticking up three or four inches" from the road's surface; that the immediate result of the unhooking of the chain was that the plaintiffs' intestates were thrown to the ground and killed; that such crossing had been in such defective condition for a year and upwards; that immediately after the accident the appliance designed to support the tailboard was in perfect condition, except that it had been unhooked in passing over the crossing.

We think that this testimony would have justified the jury, if they saw fit, in finding negligence of the defendant which was the proximate cause of the injury and death of plaintiffs' intestates, and therefore the nonsuit was erroneous.

It is the duty of a railroad to use reasonable care to provide and keep in repair for public use a passageway across its tracks where they are crossed by a public highway, suitable to the locality in which the same is situated, so that public travel shall not be impeded thereby. *Weller* v. *Lehigh Railroad Co.*, 81 *N. J. L.* 95; *Sonn* v. *Erie Railroad*, 66 *Id.* 428; *affirmed*, 67 *Id.* 350; *Samkiwicz* v. *Atlantic City Railroad*, 82 *Id.* 478; *Closter Dairy Farms* v. *New York Central Railroad Co.*, 88 *Id.* 557; *affirmed*, 89 *Id.* 709; *Moreland* v. *Director-General of Railroads*, 96 *Id.* 228.

The defendant railroad, however, insists that such rule is not applicable here, because the crossing was authorized by ordinance of the city. The defendant relies upon the case of *Fielders* v. *North Jersey Street Railway Co.*, 68 *N. J. L.* 343; but we think that decision is not controlling here. An essential element was absent from the Fielders case which the jury might have found existent in the case at bar. In the Fielders case it was said: "There is nothing in the case to show that * * * the defect resulted from any act or omission on the defendant's part. Nor is there anything to connect the defect with the defendant's rails or sleepers or to show that anything

done or omitted in the construction, maintenance or operation of the railway produced the defect. The location of the hole between the rails is a mere circumstance without causative significance." See *Geise* v. *Mercer Bottling Co.*, 87 *N. J. L.* 224.

Now an examination of the evidence in the present case, as we have indicated, shows a clear jury question on the very situation declared in the above quotation to be non-existent in the Fielders case. The testimony in the present case indicates that there was a rut or depression in·the surface of the road between the rails that left the rails projecting from three to four inches above the surface of the road, and which had been caused by a wearing away of the surface of the road; and that that condition existed for a year and upwards.

The defendant now further contends (apparently for the first time) that the plaintiffs' intestates were guilty of contributory negligence as a matter of law. No such ground was urged in the motion for nonsuit, nor did the trial judge rest upon such ground.

Contributory negligence is a defense and the burden of establishing it rests upon the defendant. Here we believe that was not done, certainly not as a matter of law. The defendant invokes section 11 of article 7 of the Traffic act. *Pamph. L.* 1928, *p.* 732. Respecting that it is sufficient to point out that the plaintiffs' intestates were riding upon the rear end of the truck *with the consent of the driver,* and there was no evidence, certainly no conclusive evidence, that *any part of their bodies was protruding beyond the limits of the vehicle.* At best for the defendant the question of contributory negligence was for the jury.

The judgments below will be reversed, and the record remitted to the Circuit Court for a new trial. Costs to abide the event.

*For affirmance*—HETFIELD, WELLS, COLE, JJ. 3.

*For reversal*—THE CHANCELLOR, TRENCHARD, PARKER, CASE, BODINE, HEHER, PERSKIE, DEAR, WOLFSKEIL, RAFFERTY, JJ. 10.