## PECHEUR LOZENGE CO., INC. *v.* NATIONAL CANDY CO., INC.

No. 648. Argued March 10, 1942.—Decided March 30, 1942.

*Mr. Alfred J. L'Heureux,* with whom *Mr. Joseph Fairbanks* was on the brief, for petitioner.

*Mr. James D. Carpenter, Jr.,* for respondent.

PER CURIAM.

Petitioner brought this suit in the district court to recover damages and for an injunction restraining trademark infringement and unfair competition. There was diversity of citizenship, and the bill of complaint alleged that "this suit arises under the Trademark Laws of the United States" and that petitioner's wrapper design "was registered in the United States Patent Office by the plaintiff on May 1, 1936, under the No. 47748." It prayed treble damages "in accordance with the provisions of the Trademark Law of 1905," and was amended to allege registration of a second wrapper design in the Patent Office under the No. 46862.

A decree for petitioner, 36 F. Supp. 730, was reversed by the Circuit Court of Appeals for the Third Circuit. 122 F. 2d 318. Both courts below having failed to consider or apply local law, we granted certiorari, 314 U. S. 603, in order to determine whether local law or federal law should

have been applied in a suit for infringement of a trademark registered under the Trademark Act of 1905, 33 Stat. 724, and we requested counsel "to present their views as to whether state law governs and, if so, what the applicable state law is."

The opinions below, the printed record and the petition for certiorari give no indication that the suit was not founded upon a trademark registered under the 1905 Act, as the bill of complaint had made it appear. But an examination of the original exhibits, not printed in the record, and of petitioner's brief on the merits here, discloses that the registration referred to is that of petitioner's labels under the Copyright Law of the United States, and not registration under the Trademark Law. It thus appears that petitioner has alleged no cause of action under the Copyright Law and is not entitled to the benefits of registration under the Trademark Law. The only cause of action that this record could possibly support is for unfair competition and common law "trademark infringement," to which local law applies. See *Fashion Guild* v. *Trade Commission*, 312 U. S. 457, 468.

The decree will be vacated without costs in this Court to either party, and the cause will be remanded to the Circuit Court of Appeals, to afford it opportunity to apply the appropriate local law, and for such further or other proceedings as in the circumstances may be proper.

*Decree vacated and cause remanded.*