## ALCARO et al. v. JEAN JORDEAU, Inc.

### No. 8325.

Circuit Court of Appeals, Third Circuit.

Submitted on Briefs July 8, 1943.

Decided Oct. 27, 1943.

---

Joseph G. Feldman, of Philadelphia, Pa., for appellants.

Walter R. Carroll, of Camden, N.J. (Carroll & Taylor, of Camden, N.J., on the brief) for appellee.

Before JONES, DOBIE, and GOODRICH, Circuit Judges.

JONES, Circuit Judge.

This appeal grows out of a suit by a minor plaintiff, a resident of Philadelphia, acting by her next friend, against the defendant, a corporation of the State of New Jersey, for damage for personal injury alleged to have been suffered as the direct result of the defendant's negligence. The remedy was sought in the Federal Court for the District of New Jersey, the juris-

diction of the court being based on the diversity of the citizenship of the parties.[1]

The injury to the minor plaintiff, who was seventeen years old at the time, was allegedly caused by the squirting of some depilatory cream into her right eye while she was engaged (preparatory to using the cream on her arms) in puncturing the metal seal over the mouth of the tube containing the cream. For that purpose she had used a point of a pair of scissors, in accordance with directions on the tube, viz., "Unscrew cap and puncture top of tube with penknife or scissors, making a large opening, taking care to avoid contents squirting out." There were also printed on the tube the further directions: "Do not use before reading cautions on the attached circular", "Do not hold too tightly" and "Do not let the cream get in or near the eyes." The cream contained 2.07% calcium sulphide, a substance which is very injurious to the eyes if brought in contact with them.

The defendant company was the manufacturer and distributor of the cream and the negligence charged against it by the complaint was a want of care in the preparation of a cream possessing known dangerous properties, in packing the tube for sale without disclosing the dangerous properties of its contents and without instructions as to the care necessary in its use, and in the manner in which the cream was injected into the tube. The defendant answered the complaint by denying the acts of negligence alleged, averring further that the minor plaintiff was guilty of contributory negligence in her handling and use of the tube of cream.

The plaintiff's testimony supported the averments of her complaint as to the character and extent of her injury and the manner of its infliction at her home in Philadelphia a few hours after her purchase of the tube of cream at a retail store in that city. She also testified that no circular accompanied the tube, that she had read all of the directions printed on the tube before attempting to open it and that, in puncturing the top of the tube, she had carefully observed the directions printed thereon by holding the tube lightly in her left hand in a slanting position across her body, down near the abdomen, while inserting one of the points of the scissors in the metal top, and that upon withdrawing the scissors point from the top of the tube the cream squirted into her eye and inflicted her injury which was both serious and damaging. She further testified that the tube, prior to its being opened, "was stretched to capacity. It was pretty full." The defendant offered no evidence. The jury returned a verdict for the defendant. The plaintiff appeals from the judgment entered on the verdict, contending that the trial court committed reversible error in the portion of its charge which had to do with contributory negligence. That is the main question with which we have to deal.

As jurisdiction of the case depends upon diversity of citizenship, the law of the forum controls the substantive rights of the parties in the federal court action. Pecheur Lozenge Co., Inc., v. National Candy Co., Inc., 315 U.S. 666, 667, 62 S.Ct. 853, 86 L.Ed. 1153. This requirement makes pertinent the local rule of conflicts. Klaxon Co. v. Stentor Electric Manufacturing Co., Inc., 313 U.S. 487, 496, 61 S.Ct. 1020, 85 L.Ed. 1477. Under New Jersey's rule of conflicts, the law applicable to actions for negligence is the law of the state where the alleged tort was committed. Curry v. Delaware, L. & W. R. Co., 120 N.J.L. 512, 514, 1 A.2d 14; Friedman v. Greenberg, 110 N.J.L. 462, 464, 166 A. 119, 87 A.L.R. 849. We are therefore remitted in the instant case to the law of Pennsylvania,—the place of the infliction of the injury. Such law, a New Jersey court may ascertain by judicially noticing the relevant law of the sister state. N.J.Rev.Stat. 2:98–18, N.J.S.A. 2:98–18.[2] While the statute just referred to has been held to be permissive rather than mandatory (Coral Gables v. Kretschmer, 116 N.J.L. 580, 184 A. 825), New Jersey courts have not hesitated to take judicial notice of the law of a sister state.[3] And, of

---

[1] Originally two others, one a corporation of New Jersey and the other a corporation of Delaware, were also joined as parties defendant, which did not impair the court's jurisdiction. A directed verdict in favor of each of the additional defendants was entered at trial and the suit was proceeded with against the remaining defendant.

[2] Derived from N.J.Laws 1900, c. 150, § 26, p. 370 [C.S. p. 2229 § 26].

[3] Kuser v. Cooke, 112 N.J.Eq. 553, 555, 165 A. 292; O'Keefe v. O'Keefe, 96 N.J. Eq. 617, 619, 620, 126 A. 451; Orient Ins. Co. v. Rudolph, 69 N.J.Eq. 570, 572, 61 A. 26; Dimick v. Metropolitan Life Ins. Co., 69 N.J.L. 384, 400, 55 A. 291, 62 L. R.A. 774; Lower v. Segal, 59 N.J.L. 66, 69, 34 A. 945.

course, a federal court in following the law of New Jersey may do the same. The permission in the New Jersey statute so authorizes. We look then directly to the law of Pennsylvania to ascertain the substantive rules applicable to the instant case, but we first have to determine whether the matter involved on this appeal, viz., the burden of proof as to contributory negligence, is substantive or procedural, which is to be decided according to the law of the forum.

■ The Court of Errors and Appeals of New Jersey long ago held, and has since confirmed several times, that the right enjoyed by a party because of the burden of proof legally imposed upon his adversary "is one of substantive law, and not a mere matter of procedure." McGilvery v. Newark Electric Light & Power Co., 63 N.J.L. 591,. 595, 44 A. 637, 638; Bien v. Unger, 64 N.J.L. 596, 597, 46 A. 593; Hughes v. Atlantic City & S. R. Co., 85 N.J.L. 212, 213, 89 A. 769, L.R.A.1916A, 927; Niebel v. Winslow, 88 N.J.L. 191, 193, 95 A. 995. The New Jersey law, as just indicated, conforms with what appears to be the rule generally so far as the burden of establishing contributory negligence is concerned. Cf. Restatement, Conflict of Laws, § 595, Comment a. See, also, Goodrich on Conflict of Laws, p. 199. In Central Vermont R. Co. v. White, 238 U.S. 507, 512, 35 S.Ct. 865, 867, 59 L.Ed. 1433, Ann.Cas.1916B, 252, the Supreme Court expressed the opinion that "it is a misnomer to say that the question as to the burden of proof as to contributory negligence is a mere matter of state procedure." We shall therefore treat with the burden of proof as to contributory negligence as a matter of substantive right, as a New Jersey court would do, and refer accordingly to Pennsylvania for the applicable law. In passing, it may be noted that New Jersey's rule [4] as to the one upon whom the burden of proof with respect to contributory negligence rests is the same as the rule in Pennsylvania which we shall now consider.

■ Under Pennsylvania's rule it is the defendant's burden to establish the plaintiff's contributory negligence. Giannone v. Reale, 333 Pa. 21, 25, 3 A.2d 331; Straus v. Rahn, 319 Pa. 93, 94, 95, 179 A.

445; Bowman v. Stouman, 292 Pa. 293, 299, 141 A. 41. In meeting that burden, the defendant may of course avail himself of any material evidence in the record even by taking recourse to the plaintiff's evidence (Giannone v. Reale, supra), but the burden of satisfying the jury by a preponderance of the evidence that the plaintiff was guilty of contributory negligence remains upon the defendant. It is true that the plaintiff must make out a case of the defendant's negligence free of contributory negligence. But that has reference to evidence of contributory negligence which so clearly appears, either conclusively as a fact or by necessarily exclusive inference from the plaintiff's evidence, as to justify a nonsuit. It "does not mean that, after proving affirmatively that the defendant's negligence caused the injury, he [the plaintiff] must prove negatively that he himself was not guilty of negligence that contributed to the result. [Citing cases]." Clark v. Lancaster, 229 Pa. 161, 163, 78 A. 86, 87. See, also, Grimes v. Yellow Cab Co., 344 Pa. 298, 305, 25 A.2d 294; Dattola v. Burt Bros., Inc., 288 Pa. 134, 136, 135 A. 736, 51 A.L.R. 205; and Gaskill v. Melella, 144 Pa.Super. 78, 81, 82, 18 A.2d 455.

The following cases serve to show how the rule has been applied in Pennsylvania. In Mallory v. Griffey, 85 Pa. 275, 278, the defendant requested the court to charge the jury "That if the plaintiffs have not shown affirmatively that their own negligence did not contribute, in any degree, to the injury, they cannot recover." The trial court so charged. The jury returned a verdict for the defendant whereon judgment was entered. In reversing, the Supreme Court of the State said that "The verdict, for aught we know, may have been based on the finding of contributory negligence alone; and if so, the plaintiffs were prejudiced by the affirmance of defendants' ninth point, viz.: * * * [the request above quoted]." Conversely, in Baker v. Westmoreland & C. Natural Gas Co., 157 Pa. 593, 600, 601, 27 A. 789, 791, where the trial court refused the defendant's request for charge which put upon the plaintiff the burden of proving that she "in no way contributed to her own loss by her own negligence", the Pennsylvania Supreme Court held that the trial court had not erred in its refusal

[4] See Lumley v. West Jersey & S. R. Co., 118 N.J.L. 140, 143, 191 A. 792; Poling v. Melee, 115 N.J.L. 191, 192, 178 A. 737; Rizzolo v. Public Service Co-ordinated Transport, 111 N.J.L. 107, 111, 166 A. 456; Brigden v. Pirozzi, 97 N.J.L. 535, 537, 117 A. 602.

of the defendant's request and restated the rule as to contributory negligence in language to like effect as that used in the Mallory case, supra.

In the instant case, the trial court charged the jury, in part here material, as follows: "Now, if you find that there was negligence on the part of the defendant in marketing this product and that was the proximate, primarily at least the proximate cause of the injuries sustained by the plaintiff, you will then go to the question, as is alleged by the defendant in their answer, that whatever they might have done, even if they happened to be negligent, was not the cause of the injuries sustained by the girl; but that it was her contributory negligence, her carelessness in some way, in handling the product which she had in hand which she was trying to use that caused the accident, because in cases of this character she is charged with just the same burden that a defendant is, to the extent that she must not contribute by her own act to the cause of the injury."

After some statements as to the legal effect of contributory negligence as a bar to recovery, the court continued: "In civil cases of this character, the burden is upon the plaintiff to convince you by a preponderance of the testimony, the weight of the testimony, of the claim which the plaintiff made over and above that of the defendant. Of course, the defendant produced no testimony here and yet the preponderance goes to the question of negligence and also contributory negligence from the statement made by the plaintiff herself. * * *"

■ The plain effect of the foregoing instructions was to place upon the plaintiffs the burden of persuading the jury by a preponderance of the evidence that the minor plaintiff had not been guilty of contributory negligence. Incidentally, the court mistakenly gave the defendant the benefit of having put the question as to the plaintiff's contributory negligence in issue by calling the jury's attention to the allegations of the defendant's answer which were not in evidence. As the court itself recognized, the defendant offered no evidence. But, aside from that, we think the instructions above quoted as to the plaintiff's burden with respect to contributory negligence constituted substantial error under the law of Pennsylvania.

■ There remains the question whether the plaintiffs made available to themselves the trial error, to which we have referred, as ground for reversal within the requirements of Rule 51 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, which provides, in part here material, that: "* * * No party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects on the grounds of his objection. * * *" At the conclusion of the court's charge and before the jury had retired the following colloquy took place between plaintiffs' counsel and the court:

"Mr. Feldman: May I ask an exception to that portion of your charge regarding the contributory negligence? There were two places you mentioned it, and I would like an exception.

"The Court: My general charges, whatever they were as to contributory negligence, you want an exception to?

"Mr. Feldman: Yes.

"The Court: All right. An exception may be entered on the record."

As appears from the foregoing, counsel stated that the matter to which he objected involved the court's charge as to contributory negligence and that it had occurred in two places, which was correct. The exception was not to the charge generally but brought seasonably to the court's attention by general reference the specific portions complained of for such correction thereof as the court might care to make, which comports with the intent of the rule. See Sweeney v. United Feature Syndicate, Inc., 2 Cir., 129 F.2d 904, 905, 906. Rule 51 is designed to preclude counsel from assigning for error on appeal matter at trial which he did not fairly and timely call to the attention of the trial court. However, there is no good reason for applying the rule so indiscriminately as to prevent counsel from pointing out on appeal matter which he did endeavor to identify to the trial court and which he had reason to believe the court fully apprehended when granting an exception. Cf. Sweeney v. United Feature Syndicate, Inc., loc. cit., supra. In the circumstances shown, we think that the error here assigned is available to the appellants.

The cases cited by the appellee are not in point. They present instances either where no exception was taken or where an exception, if taken, disclosed nothing, or where the court went ahead and dismissed the assignments as lacking in merit even though the exceptions were manifestly faulty.

The judgment of the District Court is reversed and the cause remanded for a new trial.

GOODRICH, Circuit Judge (concurring).

This paragraph is added just to make my position clear with regard to the power of the Federal Court in New Jersey to take judicial notice of the law of Pennsylvania. I think, regardless of the local statute, federal courts may take judicial notice of the laws of the states of the United States. This was discussed in Gallup v. Caldwell, 3 Cir., 1941, 120 F.2d 90, and that discussion need not be repeated here.

It should be noted, also, that there may well be cases where a federal court will not be obliged, or perhaps even permitted, to take the state court's view on the question of the division between matters of substance and procedure. That question does not arise here for both New Jersey and federal decisions consider the burden of proof with regard to contributory negligence a substantive matter.

Judge DOBIE, who also concurs in the opinion of the Court, desires to join in this concurrence.