The defendant appeals from a judgment in the Law Division of the Superior Court entered upon a verdict in favor of the plaintiff.
Defendant contends that the trial court did not properly submit to the jury the question of plaintiff's contributory negligence. Defendant further contends that the verdict was against the weight of the evidence.
Plaintiff's action is for damages arising out of personal injuries sustained by plaintiff, resulting from a collision between two airplanes on the ground at Caldwell-Wright Airport in Caldwell, Essex County, New Jersey, on March 28, 1945.
Plaintiff was an employee of the Wright Aeronautical Corporation, doing experimental test flying. On the date of the collision, plaintiff had received permission to use the runway "22" with the plane he was piloting, in order for him to make a take-off. Plaintiff at that time was operating a Vultee Aircraft.
Plaintiff took off, and, after a short time, decided to land again. He received permission from the control tower for *Page 276 
his proposed landing. After landing, he went to the far end of the runway and called the tower again for permission to taxi back and make another take-off, and that was granted.
While taxiing his plane down the runway, plaintiff made some "S-turns" in order to observe the field before him.
After plaintiff had proceeded half way down the field, the left wing of the plane he was in was torn off from contact with another airplane called a "P-47," operated by Sam C. Barnitt, a servant of defendant. The plane plaintiff was in burst into flames and plaintiff was injured thereby.
It is not denied that the plane plaintiff was piloting was camouflaged; that is, it was painted in such a manner as to make it blend with certain terrain. However, the runway upon which the plane was taxiing was black macadam.
The "P-47" operated by Barnitt was being given a test flight at 25,000 feet to determine whether the engine was functioning properly. Barnitt testified that prior to his take-off he had contact with the tower, but, just as he was taking off, he was not able to contact the tower. On reaching 25,000 feet, the engine was missing and backfiring and Barnitt decided to return to the field. He stated that when he reached 10,000 feet, he tried to contact the tower by radio but was unable to do so. He claims he tried to attract the attention of the tower but was unable. He, therefore, proceeded to make his landing. He testified that, although he looked to the ground, he did not see the Vultee aircraft.
Experts were introduced by defendant to testify as to the proper procedure for landing and also for taxiing the plane.
The jury returned a verdict in favor of plaintiff for $12,500 on February 1, 1947. In accordance therewith, a judgment was entered in favor of plaintiff and against defendant on February 8, 1949, in the Superior Court. By notice of motion, the defendant moved for a new trial on the sole ground that the judgment was excessive. The matter was subsequently argued before the trial court and on March 10, 1949, the court in its opinion stated that any verdict above $10,000 was excessive and gave the plaintiff the opportunity of accepting the lesser sum or having a new trial as *Page 277 
to damages only. The plaintiff elected to take a new trial as to damages and the case was re-tried as to damages only on May 24, 1949, at which time the jury rendered a verdict in the sum of $13,000. In accordance therewith, judgment was entered in the Superior Court on June 1, 1949, for $13,000. On June 20, 1949, notice of appeal was filed in this court.
The defendant claims that the plaintiff was guilty of contributory negligence as a matter of law and that, therefore, the court erred in refusing to grant defendant's motion for dismissal.
We feel that the trial court was correct in submitting the question of contributory negligence to the jury for its consideration and determination.
In Flanigan v. Madison Plaza Grill, Inc., 129 N.J.L. 419,421 (Sup. Ct. 1943), the court stated:
"As to the second point: Contributory negligence does not automatically arise because the accident might have been avoided. It depends on the circumstances and it usually is a fact question for the jury. Rizzolo v. Public Service Co-ordinated Transport,111 N.J.L. 107; Smith v. Adler's Millinery, Inc., 122 Id.236; Hansen v. Brown, 123 Id. 223. It is otherwise only when such negligence appears as a necessary inference or when it is so clear that fair-minded men could not disagree about it. But there was no such clear negligence on the part of the plaintiff here. She came to grief, as the jury in all likelihood concluded, from a peril she neither anticipated nor had any reason to anticipate."
After reading the testimony, we feel that a question was presented for the jury's consideration. Whether what the plaintiff did or failed to do amounted to contributory negligence is a matter about which fair-minded men might disagree. There was no such clear negligence on the part of the plaintiff as would justify the trial court in granting a motion for dismissal. Plaintiff received permission from the control tower to perform each movement he performed, and, he also made "S-turns" so as to enable him to see the field ahead of him. Whether he acted as an ordinary prudent man under the circumstances is certainly a question for the jury. *Page 278 
In Lipschitz v. New York New Jersey Produce Corp., et al.,111 N.J.L. 392 (E. A. 1933), the court said:
"Unless it is established by the evidence beyond fair debate that plaintiff was negligent, and that his negligence directly contributed to the injury complained of, a motion to nonsuit or direct a verdict will be denied."
The court also stated that:
"Where fair-minded men might honestly differ as to the conclusions to be drawn from facts, whether controverted or uncontroverted, the question at issue should go to the jury.Finnegan v. The Goerke Co., 106 Id. 59; Bennett v. Busch,
75 Id. 240."
This seems to be the situation here, and we conclude that the trial court did not err in refusing to grant defendant's motion for a dismissal.
The defendant further argues that the testimony in favor of defendant outweighed that of plaintiff.
We have repeatedly stated that a verdict of a jury will not be set aside upon the ground that it is against the weight of the evidence, unless the verdict clearly evinces that it is the result of mistake, partiality, prejudice or passion. Wadell v.Public Service Coordinated Transport, 3 N.J. Super. 132 (App.Div. 1949); Cascone v. Hendrickson, 8 N.J. Misc. 229 (Sup.Ct. 1930).
The jury had an opportunity to see the witnesses and observe their demeanor on the stand. They are in a much better position than we to judge the credit to be given the testimony.
We feel that there was ample competent evidence to warrant the verdict of the jury.
The judgment is affirmed. *Page 279